## ST. LOUIS SMELTING & REFINING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 12957—Opinion Filed June 13, 1922.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation—Review of Award — Finality of Decision Below on Facts.**

In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final. Held, that the appeal herein involves a question of fact, and not an error of law.

2. **Same—Notice to Employer of Injury— Waiver.**

When on the hearing of a complaint filed by an employe under the Workmen's Compensation Act, no objection is made that such employe failed to give notice of his injury to the employer, it is unnecessary for the State Industrial Commission to make any finding upon that question or in any way excuse the failure to give such notice.

3. **Same—Right to Recover for Medical Treatment.**

Where the claimant fails to comply with the provisions of section 4, article 2, chapter 246, Session Laws 1915, of the Workmen's Compensation Law, claimant is not entitled to recover for expenses for medical treatment.

Appeal from Order of the Industrial Commission.

Action by the St. Louis Smelting & Refining Company and another to review an award of workman's compensation made by the State Industrial Commission to William A. Simpson. Affirmed in part and reversed in part.

Harris, Spielman & Harris and Paul G. Darrough, for petitioners.

Rainey & Flynn, for claimant.

McNEILL, J. This action was commenced on behalf of the St. Louis Smelting & Refining Company, employer, and Ocean Accident & Guarantee Corporation, insurance carrier, against the State Industrial Commission and William A. Simpson to reverse an order of the commission wherein the commission awarded Simpson $12.98 per week beginning December 21, 1920. and continuing weekly until the termination of disability

or until otherwise ordered by the commission and pay all medical expenses incurred by claimant as the result of the accident.

For reversal, it is first contended that the commission committed error in finding there was a temporary total disability. The claimant testified he was unable to work. He testified that after the injury he worked until December, and the foreman favored him in his work until he got so bad he could not work any longer. The foreman testified that during the time claimant worked after the accident he appeared to work under difficulty. There being evidence in the record to support this finding, the appeal involves a question of fact, and not a question of law. Under and by virtue of section 10, chapter 14, Session Laws 1919, as construed by this court in the case of Wilson Lumber Co. v. Wilson, 77 Okla. 312, 188 Pac. 666, the finding of the commission on questions of fact is conclusive.

It is next contended that the award of the commission is improper, because written notice of the injury was not filed or given to the employer until 12 months after the alleged accident, and no excuse was found by the commission for failure to give said notice. This question was not presented to the commission, and no objection was made at the hearing before the commission that the employer did not have written notice of the accident. Having failed to make any objection before the Industrial Commission to said award on the ground of not receiving written notice, the employer will be deemed to have waived said notice. See Consolidated Fuel Co. v. State Industrial Commission, 85 Okla. 112, 205 Pac. 170; Okmulgee Democrat Pub. Co. v. State Industrial Commission, 86 Okla. 62, 206 Pac. 249. The evidence disclosed that the foreman had notice and knew of the injury, and knew the condition the claimant was working under after the accident. The commission made a finding that the employer had proper notice. This was unnecessary, but is sufficient when no objection was made to the commission regarding the failure to give the notice.

The third contention is that the award by the Industrial Commission requiring the employer to pay all medical expenses as the result of said accident is erroneous, under the facts in this case. This was error, in view of the holding of this court in the case of Okmulgee Democrat Pub. Co. v. State Industrial Commission, supra, and is conceded by the claimant.

The order of the commission and the award is therefore modified to exclude the payment of medical expenses; otherwise the same is affirmed.

JOHNSON, MILLER, ELTING, KENNAMER, and NICHOLSON, JJ., concur.