WHITEHEAD COAL MINING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 13801—Opinion Filed March 13, 1923.

(Syllabus.)

1. Master and Servant—Workmen's Compensation Act—Liability for Medical Treatment.

That for failure to comply with the positive provisions of section 4, art. 2 ch. 246, Session Laws of 1915, the claimant is not entitled to recover for medical, surgical, or other attendance or treatment.

2. Same—Award for Physician—Reversal.

Record examined, and ordered, that the award of the State Industrial Commission be reversed, and the cause remanded, with directions.

Appeal from Order of State Industrial Commission.

Action by the Whitehead Coal Mining Company and another to reverse an award of compensation for medical services to W. L. Stephenson. Reversed and remanded.

Simpson, Hummer & Foster (Con Murphy, of counsel), for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

JOHNSON, J. The above named petitioners commenced this action to reverse and vacate on award made by the State In-

dustrial Commission to the respondent W. L. Stephenson for compensation for medical services.

The record discloses that on July 1, 1919, one William Walsh was injured while in the employ of the Whitehead Coal Mining Company at Henryetta, Okla., by a fall of rock upon his back, and on the 28th day of July, 1919, the Industrial Commission made an award to William Walsh as claimant, awarding him the sum of $17.31 per week, to continue until the termination of disability, and requiring the Whitehead Coal Mining Company and the Consolidated Underwriters to pay all medical expenses incurred by the claimant, not to exceed the sum of $100. The award was paid until September 1, 1919, when William Walsh returned to work in the same employment as a coal miner, where he continued to work until the 15th day of March, 1921, at which time William Walsh became mentally incapacitated and was taken to the Hospital for the Insane at Vinita, Okla. In July, 1921, the wife of William Walsh filed a petition with the Industrial Commission, asking for a review of the award made on the 29th day of July, 1919, and the Industrial Commission, on the 25th day of August, 1921, made an award awarding William Walsh compensation from March 15, 1921, at the rate of $18 per week, to continue during disability. From this award an appeal was taken to the Supreme Court, and an opinion was rendered in case No. 12647, entitled "Whitehead Coal Mining Company, a Corporation, and the Consolidated Underwriters, Petitioners v. State Industrial Commission and William Walsh, Respondents," on May 9, 1922, affirming said award. 86 Okla. 149, 207 Pac. 305.

On the 7th day of June, 1922, the respondent W. L. Stephenson wrote the State Industrial Commission, as follows:

"In re the William Walsh Case. of Henryetta, Okla. Shall I render my bill to the insurance Co?"

And on July 12, 1922, he wrote the State Industrial Commission as follows:

"I have repeatedly requested settlements of this account and they have regularly ignored it. Please assist me in this matter."

This matter was thereupon set for hearing at Henryetta, Okla., on the 9th day of August, 1922, before Commissioner H. C. Meyers, at which time the evidence was heard, and on the 28th day of August, 1922, the Industrial Commission made an order requiring the petitioners to pay to the respondent W. L. Stephenson the sum of $253, which order is as follows:

"Now on this the 28th day of August, 1922, the above cause coming on for further consideration pursuant to hearing held in Henryetta, Okla., August 9, 1922, before a member of the State Industrial Commission, to review the medical bill of Dr. W. L. Stephenson. All parties received legal notices, the respondent and insurance carrier were represented by Roberts & Foster, Dr. Stephenson appeared in person. The commission after examining the testimony taken at said hearing and the records on file, and being otherwise well and sufficiently advised in the premises, finds:

"(1) That the claimant was injured July 1, 1919, while in the employ of the above respondent and that Dr. H. D. Boswell treated said claimant until August 1, 1919; that Dr. Stephenson attended the claimant in connection with the treatment that was given by Dr. Boswell, between July 1, 1919, and August 1, 1919.

"(2) That Dr. Boswell discontinued the treatment on August 1, 1919, and that the claimant had not recovered and it was necessary for him to have further treatment. He was treated then by Dr. Stephenson and the said Dr. Stephenson treated the claimant at various times until May, 1921; that the total amount of Dr. Stephenson's bill is $253.

"(3) That the bill is reasonable.

"(4) That the respondent or insurance carrier failed and neglected to furnish the claimant the necessary medical attention, although they knew that the doctor they furnished had discontinued treatments on August 1, 1919.

"(5) That an order was made on the 25th day of August, 1921, allowing the claimant compensation at the rate of $18 per week and to continue until the termination of disability, and that in the same order the respondent or insurance carrier were ordered to pay all medical expenses incurred by claimant as a result of said injury.

"(6) That this case was appealed to the Supreme Court, an opinion was handed down affirming the judgment of the commission on May 9, 1922, which included the medical bill.

"It is therefore ordered: That the respondent, the Whitehead Coal Mining Company, or the Consolidated Underwriters, insurance carriers herein, pay to Dr. W. L. Stephenson of Henryetta, two hundred and fifty-three dollars ($253) as full payment for medical attention rendered William Walsh."

Thereafter, and in due time, these petitioners filed in this court their petition praying reversal of said order, wherein they assigned as error the following:

"1. The State Industrial Commission was without jurisdiction to make such award for the following reasons: (1) That no sufficient pleading was filed with said commissioner to invoke jurisdicton of the State Industrial Commission. (2) There is no provision in the statute for allowing a claim for medical services direct to the physician, where the physician is employed by the claimant.

"2. The evidence introduced is wholly insufficient to support said award, for the reason that it fails to show that the claimant had demanded of the petitioners medical services, and that such demand had been refused.

"3. That said order is contrary to law and is not sustained by any evidence."

These specifications of error will be considered together under the proposition, being the second subdivision of petitioner's first specification of error, wherein it is said:

"There is no provision in the statute for allowing a claim for medical services direct to the physician, where the physician is employed by the claimant."

Section 4, art. 2, ch. 246, Session Laws of 1915, as amended by section 4, ch. 14, Session Laws of 1919, in so far as the same is applicable, is as follows:

"The employer shall promptly provide for an injured employe such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus as may be necessary, during 60 days after the injury or for such time in excess thereof as in the judgment of the commission may be required. If the employer fails to provide the same, the injured employe may do so at the expense of the employer. The employe shall not be entitled to recover any amount expended by him for such treatment or service unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so. * * *"

This provision of the Workmen's Compensation Law has frequently been construed by this court. In the case of Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 87 Okla. 209, 208 Pac. 798, we said:

"The employer becomes liable for medical fees in one of two ways: (1) By contract, either expressed or implied, with the physical; (2) by the physician treating the injured employe when called under an emergency caused by the employer's failure to provide medical aid. In the latter event the law makes the employer liable, in the former he is liable under his contract."

In the instant case the commission made no specific findings as to who employed the physician, Dr. Stephenson. The substance of the findings of the commission, as hereinbefore set out, was that Dr. Boswell discontinued treatment before the claimant recovered, that it was necessary for him to have further treatment, and that he was treated by Dr. Stephenson at various times until May, 1921; also, that the petitioners failed to furnish the claimant necessary medical attention, although they knew that the doctor they furnished (Dr. Boswell) had discontinued treatments on August 1, 1919; that Dr. Stephenson attended the claimant in connection with the treatment that was given by Dr. Boswell between July 1, 1919, and August 1, 1919; that the total amount of his bill was $253, and that the bill was reasonable.

Paragraphs 5 and 6 of the findings of the commission were:

"(5) That an order was made on the 25th day of August, 1921, allowing the claimant compensation at the rate of $18 per week and to continue until the termination of disability, and that in the same order the respondent or insurance carriers were ordered to pay all medical expenses incurred by claimant as a result of said injury.

"(6) That this case was appealed to the Supreme Court, an opinion was handed down affirming the judgment of the commission on May 9, 1922, which included the medical bill."

The undisputed evidence of Dr. Stephenson showed that the family of the injured employe, William Walsh, called him, that the petitioners did not employ him, and the undisputed testimony of the petitioners' manager, J. H. Savage, was that no request for medical attention was made on the Whitehead Coal Mining Company by any person for Mr. Walsh, and that he did not know that Mr. Walsh required any medical attention, or that he was receiving any, until after he was confined in the insane asylum at Vinita.

In the case of St. Louis Smeltering & Refining Co. et al. v. State Industrial Commission et al., 86 Okla. 216, 207 Pac. 734, it was stated in paragraph 3 of the syllabus of the opinion as follows:

"Where the claimant fails to comply with the provisions of section 4, art. 2, ch. 246, Session Laws 1915, of the Workmen's Compensation Law, claimant is not entitled to recover for expenses for medical treatment."

Such was the holding of this court in the case of Okmulgee Democrat Publishing Co. v. State Industrial Commission, 86 Okla. 62, 206 Pac. 249, where in subdivision 2 of paragraph 3 of the syllabus it was stated:

"That for failure to comply with the positive provisions of section 4, art. 2, ch. 246, Workmen's Compensation Act, the claimant is not entitled to recover for medical, surgical, or other attendance or treatment."

It is perfectly clear from the record that Dr. Stephenson was employed by the injured employe's family, and not by the petitioners; that the petitioners furnished Dr. Boswell to treat the injured employe during the first 15 days following the injury, at which time he discharged the patient; and that no request was ever made by the injured claimant or anyone for him to the employer, Whitehead Coal Mining Company, for medical treatment; and the commission made no such finding. Nor do we think that the findings of the commission as a whole are tantamount thereto.

Then we have a case where the claimant employed the physician, Dr. Stephenson, through some member of his family, without having made any request to his employer for medical treatment, and where the employer furnished another physician immediately following the injury, and no complaint is made that such physician so furnished was unskilled or did not furnish proper treatment. In these circumstances it cannot be said that Dr. Stephenson was called under emergency caused by the employer's failure to provide medical aid.

In these circumstances it seems clear to us that the Industrial Commission committed error as a matter of law in making the award to Dr. Stephenson complained of. We know of no provision of the Workmen's Compensation Act of this state whereby the employe may employ a physician at the expense of the employer, except a case where he has requested the employer to furnish medical attention and the employer has failed or refused to do so.

For the reason stated, the award of the Industrial Commission is reversed, and the cause remanded, with directions to proceed further in accordance with the views herein expressed.

KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.