## FARLEY v. H. T. MILLING CO.

No. 15910—Opinion Filed Sept. 15. 1925.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Liability for Medical Fee.**

Under the provisions of the Workmen's Compensation Law (section 7288, Comp. Stats. 1921, an employer becomes liable for medical fees for an injured employe in one of two ways: First, by contract, either expressed or implied, with the physician; sec-

ond, by the physician treating the injured employe when called under the emergency caused by the employer's failure to provide medical aid. In the former case the employer is liable under his contract; in the latter the liability is imposed by law, and the charges must be approved by the State Industrial Commission as a part of the injured employe's compensation; but where the record discloses that no contract, either expressed or implied, was made for such services, the party rendering such services cannot recover upon contract, and where the record discloses that the provisions of the Workmen's Compensation Law have not been complied with, he cannot recover by virtue thereof.

Error from County Court, Ottawa County: William M. Thomas, Judge.

Action by W. B. Farley against H. T. Milling Company. Judgment for defendant, and plaintiff appeals. Affirmed.

F. W. Church, for plaintiff in error.

L. A. Wetzel, for defendant in error.

PHELPS, J. Fred Abernathy, an employe of the H. T. Milling Company, received an accidental injury to his mouth while in such employment. He was directed by the foreman of the work to go to the Picher Hospital for treatment, and upon his arrival found there a Doctor Dodson, who examined him and told him he could do nothing for him, but that he would have to have the services of a dentist, and took him to the office of the plaintiff, Doctor B. W. Farley, and requested that Doctor Farley render him such dental service as was necessary. The service was rendered and a bill for the same was presented to the London Guaranty Company, the insurance carrier for the H. T. Milling Company. The London Guaranty Company, however, refused to pay the bill. Doctor Farley, plaintiff in error herein, then brought suit against defendant in error, H. T. Milling Company, in the justice court, and after trial there the cause was appealed to the county court of Ottawa county. It was regularly called for trial, and after the plaintiff had introduced his evidence and rested, the court sustained a demurrer to plaintiff's evidence and dismissed the action, from which ruling of the court this appeal is prosecuted.

Plaintiff contends that defendant is indebted upon contract for the service rendered. Defendant contends that there was no contract, either expressed or implied, between plaintiff and defendant for the dental services in question, but that if plaintiff is entitled to recover, he must do so by

virtue of the provisions of the Workmen's Compensation Law. The record discloses that the defendant had complied with the provisions of the Workmen's Compensation Law. Therefore, the only question to be decided is whether or not the H. T. Milling Company hired the plaintiff, Doctor Farley, to do this dental work for its employe, and a careful examination of the record convinces us that there was no contract which would bind the defendant to the payment for the services rendered.

The record discloses that when the injured employe went to the hospital, the doctor in charge advised him that he could do nothing for him, and personally took him to the dentist's office, and the dentist, the plaintiff herein, while a witness in his own behalf. was asked the question:

"Q. What was said by Dr. Dodson to you relative to doing that work? A. Just said, 'I have a patient for you, Mr. Abernathy'; and says, 'He's in need of some dental work'; and says, 'He's from the H. T. Milling Company'; and says, 'Will you do it?' and said, 'Can you wait on the patient at this time?' and I said, 'Yes, sir; I'll give him attention.'"

Clearly this state of facts could not be construed as a contract binding defendant to the payment of the charges for the services. If plaintiff would be entitled to recover from anyone else other than the party for whom the services were rendered, it would be by virtue of the provisions of the Workmen's Compensation Act. The record discloses that the State Industrial Commission heard the employe's claim for compensation and found:

"That the motion of claimant should be overruled for the reason that claimant did not lose more than seven days, and that he has no serious permanent facial, head or hand disfigurement."

The Workmen's Compensation Act (section 7288, Comp. Stats. 1921) makes it the duty of the employer to furnish medical attention to his injured employe, and if the employer fails to provide the same, the injured employe may do so at the expense of the employer: but the act further provides that:

"All fees and other charges for such treatment and services shall be subject to regulation by the Commission. * * *"

And section 7298, Comp. Stats. 1921, provides that:

"* * * Claims for services or treatment rendered or supplies furnished pursuant to section 4 of article 2 of this act, shall not

be enforceable unless approved by the Commission."

Therefore, no application having been made in the manner provided by law for payment for the services rendered, under the Workmen's Compensation Act, plaintiff would not be entitled to recover according to the provisions thereof. Under the state of facts disclosed by the record the trial court committed no error in sustaining the demurrer to the plaintiff's evidence, and the judgment is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 100, § 97; anno. 7 A. L. R. p. 545.