## FEDERAL MINING & SMELTING CO. et al. v. MONTGOMERY et al.

No. 21705. Opinion Filed Jan. 20, 1931.

Rehearing Denied March 31, 1931.

Ray McNaughton and J. Fred Swanson, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J. The State Industrial Commission found that D. S. Montgomery sustained an accidental personal injury on April 2, 1930, which resulted in hernia. The Commission awarded claimant, Montgomery, eight weeks' compensation and in addition thereto ordered the employer and insurance carrier, petitioners herein, to "forthwith tender to claimant the necessary operation for the correction of the hernia herein complained of."

The petitioners contend in this action to review that there was no competent evidence to support the order and award of the Commission, either as to the operation or as to the accidental personal injury.

The claimant, Montgomery, testified, on page 6 of the record, that he was operated on May 1, 1930, for this hernia, and that on June 12th he returned to work. The testimony continues:

"A. Yes, I was not operated on at the American Hospital. I was offered an operation there at the American Hospital, without compensation, at Picher."

The fact is claimant went to Joplin and was there operated on after such operation had been by petitioner tendered to him.

Section 7288, C. O. S. 1921, provides as to medical treatment:

"If the employer fails or neglects to provide the same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect or failure, may do so at the expense of the employer."

This section of the act has many times been construed by this court. The uniform holding is that only where employer fails to provide medical or surgical attention may the employee, at the expense of the employer, secure such services. Whitehead Coal & M. Co. v. Indus. Comm., 89 Okla. 24, 213 Pac. 838; Farley v. H. T. Milling Co., 113 Okla. 112, 239 Pac. 451; Okmulgee Demo. Pub. Co. v. Indus. Comm., 86 Okla. 62, 206 Pac. 249.

The amendment of 1923, ch. 61, S. L. 1923, in effect, relieves the employee from a demand for such services and makes unreasonable delay a sufficient ground for the employee to secure such services elsewhere at employer's cost. Herein, beyond dispute, employer tendered hospital services diligently and without unreasonable delay and prior to the time that employee sought attention elsewhere. It is obvious that the employee does not want another operation for the same ailment, since the one had was successful. It is likewise obvious that the petitioners herein did not breach any duty as to medical aid which would render them liable for the operation performed. The award of the Industrial Commission as to the operation awarded is vacated and held for naught.

We now consider petitioners' contention that no competent evidence supports the finding of an actual injury. The argument

is divided into two parts: First, that the cause of the hernia was a question in science to be proved by the testimony of skilled professional persons exclusively, and not by the testimony of claimant, who was not so qualified. St. L. M. & S. Co. v. Indus. Comm., 113 Okla. 179, 241 Pac. 170; Okla. Hospital v. Brown, 87 Okla. 46, 208 Pac. 785.

It is our view that the testimony of the injured workman sufficiently established the cause of the hernia to be the strain occasioned by the work of shoveling ore, and that such testimony as to physical facts was within the knowledge of the workman, and therefore competent. Exemplified: Suppose an accident caused an injury to an inner organism such as the lungs. Usually no layman could diagnose the case, but someone skilled in anatomy would be required, whereas if by an accident an arm or a leg was severed, the loser would know much more about it than anyone else, skilled or unskilled. The former we call subjective and the latter objective conditions. Both require testimony to establish them. The former is necessarily limited to the testimony of experts. Hernia is upon the border line, but is a protrusion, and in the case at bar it was observed by the workman and felt by him and testified by him to be the immediate after effects of unusual exertion. He experienced development of the disability within a five-day period after the incident of the unusual exertion. Under a liberal interpretation policy we conclude, as to this contention, that the workman's testimony was sufficient to establish the resulting injury.

There is another phase to be considered and that is, Was there an "accident"? "Accidental injury" is the basis of compensation. Thus far we have the result established. The question now bothering us is the means. In other words, what caused the hernia? The Commission found that an accidental injury caused it. That finding is binding upon us in the event there is any competent evidence to support the same. The claimant testified that he was injured on April 2, 1930, while in the act of shoveling unusually heavy ore, and the symptoms then appeared, and that the hernia was present on April 7th; that on the latter date he reported the injury to the foreman, who advised hospitalization; that on the former date the condition of shoveling was unusual; that the ore was wet and compact and required effort to break it loose; that the claimant's duty was to clean up the rough rock, and that while so engaged an unusual exertion occurred in the manner and amount of heavy ore that came off the "spicket on the jig, both zinc and lead," which unusual condition overcame the workman, causing a strain manifesting itself in dizziness and faintness.

This case we think analogous to the situation considered in Robins v. O. Gas Engine Co. (Mich.) 157 N. W. 437, and as therein, we hold that there was some evidence, though slight, to support the finding of fact by the Commission that there was an accident. The judgment of the Commission as to the allowance of compensation for hernia in the maximum amount allowed under the schedule (8 weeks) is affirmed; otherwise and as to the operation award our view has heretofore been expressed. Thus modified, the judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.