**J. E. MABEE, Inc., et al. v. SEABERRY.**

No. 23344. Opinion Filed July 6, 1932.

Hal Crouch and P. N. Landa, for petitioners.

A. P. Murrah and Luther Bohanon, for respondent.

HEFNER, J. This is an original proceeding in this court by J. E. Mabee, Inc., and the Century Indemnity Company to review an order of the State Industrial Commission awarding compensation to Wm. E. Seaberry.

It is admitted that claimant sustained an injury while in the employ of petitioner Mabee, on February 15, 1931. which consisted of having his wrist mashed between pipes. The record shows that he was allowed $60 because of temporary total disability on account of such injury, and that thereafter, on July 20, 1931, he was allowed additional compensation by the Commission in the sum of $252 because of permanent partial disability. On December 21, 1931, claimant filed a motion to reopen the case on the ground of change in condition and prayed that he be awarded additional compensation. At the conclusion of the hearing, the Commission found that claimant had suffered a change in condition since the prior award and allowed him additional compensation in the sum of $360.

Petitioners contend that the award is erroneous for the reason that there is no evidence which shows that claimant's condition had changed subsequent to the prior award. The expert or medical evidence shows that at the time the prior award was entered, claimant had sustained a 7 per cent. permanent partial loss of the use of his right wrist. Medical evidence was introduced on this hearing which shows a 20 per cent. permanent partial loss of the use of the right wrist. Dr. Buchanan testified that the X-ray taken on December 6, 1931, shows that claimant's wrist was a little stiffer than the X-ray taken July 6, 1931. Claimant testified that his condition became worse towards the latter part of September, 1931. This evidence is sufficient to sustain the finding of the Industrial Commission that there was a change in claimant's condition subsequent to the last award.

The petition to vacate is denied.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.