GIBBS et al. v. LAWRENCE et al.

No. 23928.    Nov. 28, 1933.

Ray McNaughton and Arthur G. Croninger, for petitioners.

William H. Thomas, for respondent.

WELCH, J.    This proceeding was instituted to review an award by the State Industrial Commission.

The employee, Eulys Lawrence, was injured May 23, 1925. There was an original or first award made on August 14, 1926, which was paid, and constituted full settlement for employee's temporary total disability to April 1, 1926, and a further sum as payment on permanent partial disability from and after said date. And pursuant to said first award, continuing weekly payments were made for permanent partial disability.

A second order of approval and award was made on November 30, 1926. This was based on a stipulation and receipt signed by the employer, insurance carrier, and employee, and filed November 20, 1926, and followed the filing of a motion which was filed by the employee and the insurance carrier prior to November, 1926. A hearing thereon was set for November 17, 1926, but no hearing was had because on that date the employer, employee, and insurance carrier entered into the stipulation which was filed November 20th, and formed the basis of the second award of November 30, 1926, heretofore mentioned. It is worthy of note, however, that in this motion it was alleged by the employer and insurance carrier that:

"They have been and are now unable to determine the extent of disability suffered by the claimant, if any, since May 14, 1926, and are unable to agree with claimant upon the facts with reference to such disability, if any * * *"

—and alleged in a subsequent paragraph:

"Your movants are advised, and upon information and belief allege, that claimant * * * has sustained a permanent partial disability of the left leg and ankle, of an amount not to exceed 25% of its normal usefulness."

This order and stipulation and receipt showed the total payment of $1,173.80, and the case was marked "closed." All payments awarded had been made in full.

Thereafter, on July 6, 1932, a third award was made, which is the award sought to be reviewed in this action. This third award was made on the employee's application to reopen the cause on the ground of a change of condition, which application was filed on December 11, 1931. In this award the Commission found:

"That on the 30th day of November, 1926, the Commission made and entered an order on form 7, awarding the claimant 66 weeks' compensation at the rate of $18 per week, or the total of $1,173.80, which included claimant's permanent partial disability of 25% per cent. to the left foot, or 37½ weeks.

"That since the 30th day of November, 1926, there has been a change of condition of the claimant's left foot, and that he has now 65 per cent. permanent partial loss of his left foot"

—and ordered the cause reopened announcing its. opinion in this language:

"Upon consideration of the foregoing facts, the Commission is of the opinion that the claimant is entitled to 97½ weeks' compensation on account of 65 per .cent. permanent partial loss of use of the left foot, at the rate of $18 per week, less the 37½ weeks heretofore paid on account of 25 per cent. permanent partial loss of the left foot: leaving a balance owing the claimant of 60 weeks at the rate of $18 per week, or a total of $1,080"

—and the further award was made in this language:

"It is therefore ordered that within 15 days from this date the respondent or insurance carrier pay to the claimant the sum of $516, or 28 weeks and four days compensation at the rate of $18 per week, computed from December 11, 1931, to June 28, 1932, and to continue paying the claimant compensation at the rate of $18 per week until a total of 60 weeks have been paid, or the total of $1,080."

The employer and insurance carrier herein complain of the last-mentioned order of the Commission.

Petitioners urge two propositions: (1) There was no competent evidence of a change of condition, and the Industrial Commission was therefore without jurisdiction to reopen said case. (2) The Commission erred in its finding that on the 30th day of November, 1926, the Commission awarded claimant permanent partial disability in the amount of 25 per cent. to the left foot, for the reason that there was no evidence of any such finding or award; the evidence on said point being to the effect that claimant was awarded compensation for loss of at least 50 per cent. permanent partial disability to the left foot, and therefore the award of July 6, 1932, did not take into consideration the payments made under the award of November 30, 1926.

On August 14, 1926, in making the first award, the Commission made an order finding that the "claimant was temporarily totally disabled from performance of ordinary manual labor to the first day of April, 1926." This order was unappealed from and became final, and therefore fixed the status of the claimant as to temporary total disability. Admittedly the claimant was injured on May 23, 1925, and that his average wage prior to the accident was $5.85 per day, and the Commission so found in its said order, thereby fixing the rate of compensation at $18 per week. This order established the liability of the employer and insurance carrier as to the total amount to be paid for temporary total disability, and it also operated to fix the weekly rate of compensation due the claimant for any permanent partial disability which he might have sustained by reason of the accident. Under this order of the Commission, the employer and insurance carrier became liable to the claimant for temporary total disability from the date of the injury to April 1, 1926, at the rate of $18 per week. This would be slightly over 43 weeks, or an approximate total of $774. Under the order of the Commission of November 30, 1926, in pursuance of the stipulation and receipt filed by the interested parties, there was a total award made to claimant of $1,173.80. This order of the Commission recited that the same was in full payment of compensation for temporary total disability, and for permanent partial disability suffered by the claimant, and was an approval of a stipulation for 66 weeks' compensation at $18 per week. The order of the Commission of November 30, 1926, did not recite in specific terms the percentage of permanent partial disability sustained by the claimant, but the amount of liability for temporary total disability having been fixed at a specific amount, as heretofore shown, and the Commission having previously fixed the

weekly rate of compensation to which, under the law, the clamant was entitled, we can reach no other conclusion than that the orders of the Commission on their face unquestionably show that not more than $399.80 of the amount of the November 30, 1926, award could have been for permanent partial disability. This being true, and the rate of compensation having been definitely fixed at $18 per week, it is shown by calculation that the November 30, 1926, award was an award of approximately 22 weeks' compensation for permanent partial disability. Section 13356, O. S. 1931, definitely fixes the number of weeks for which a claimant is entitled to compensation for permanent partial loss of a foot at 150 weeks, and it will thus be seen that the order of November 30, 1926, was to compensate claimant for an approximate 15 per cent. permanent partial loss of a foot. This is a smaller percentage than the 25 per cent. recited in the order of the Commission of July 6, 1932, which is the order under consideration at the present time, and is therefore not prejudicial to the rights of the petitioners. The respondent does not complain in this respect, but rather, formally admits the 25 per cent. permanent partial disability at the date of the November 30, 1926, award. We would not be justified in concluding that the Commission, by its order of November 30, 1926, awarded claimant less compensation for permanent partial disability than the minimum amount to which he was entitled under the law, and the order of the Commission at that time is not inconsistent with the reports and the evidence before it, nor with the contention of the employer and insurance carrier as disclosed by their motion to determine extent of disability.

With reference to whether or nor there was competent evidence before the Commission to sustain its findings of July 6, 1932, that there had been a change in claimant's condition subsequent to the November 30, 1926, award, we have examined claimant's testimony given upon the hearing of his motion to reopen the cause. He testified that his foot was in worse shape as to work since the time of the prior award; that it was sore all the time so that he could not work; that at the time of the settlement before, he could use it, that it was then not sore at all times, that he now suffers such pain in his foot that he could not put his weight on it, that the muscles in the upper part of the leg are sore all of the time, and that he

had suffered no other injury to the leg or foot.

Dr. G. P. McNaughton testified that he had recently examined claimant, and stated that in his opinion the injury involved the whole leg at that time, and that there was an inflammatory condition of the ankle joint at that time, and that the disability at that time, in his opinion, was caused by the original injury, and that claimant's disability to the foot at that time, in his opinion, was 100 per cent. Dr. McNaughton did not examine the claimant prior to 1932.

Doctors DeArman and Aidenstadt testified on behalf of the employer and insurance carrier to the effect that they had examined and treated claimant shortly after the injury, and shortly before the award of November 30, 1926, and that they had again examined the claimant in 1932; that from their examination in 1932 it was their opinion that he then had a 50 per cent. permanent partial disability in his foot, and that he had the same condition at the time of the November 30, 1926, award; that so far as they were able to ascertain from their examination, his condition had not changed subsequent to the November 30, 1926, award. Dr. Aidenstadt, however, testified that in his estimate of the 50 per cent. permanent partial disability in 1932, he was not taking in consideration the pain and soreness in the foot which was testified to by the claimant, but based his opinion of percentage of disability solely upon the loss of anatomical function of the foot and leg. His testimony further was to the effect that there was no inflammatory condition in the ankle in 1932, as testified to by Dr. McNaughton. Doctors DeArman and Aidenstadt did not testify in the case at the time of the prior awards, nor did they file any report in the case.

It is petitioner's contention that the State Industrial Commission cannot make an award of additional compensation on account of change in condition in the absence of proof of claimant's condition at the time of the prior award; citing in support thereof O. M. Bilharz Mining Co. v. Clark, 153 Okla. 31, 4 P. (2d) 729; Humble Oil & Refining Co. v. Noble, 161 Okla. 35, 16 P. (2d) 1072. They contend that the claimant's testimony on the 1932 hearing is incompetent for the reason that the nature of his injuries is subjective and such as to require expert testimony to establish the extent and cause thereof; citing

Williams Bros., Inc., v. State Industrial Commission, 158 Okla. 171, 12 P. (2d) 896; Channing et al. v. Payton, 152 Okla. 153, 4 P. (2d) 1; Humble Oil & Refining Co. v. Noble, supra. They urge that the only testimony before the Commission on the 1932 hearing which was competent to establish the claimant's condition on November 30, 1926, the date of the prior award, is the testimony of Doctors DeArman and Aidenstadt, who testified that claimant's condition had not changed. The contention with reference to the necessity of proof of claimant's condition at the time of the prior award appears to be sustained by the authorities cited, and it therefore becomes necessary for us to consider whether or not there is any such competent evidence herein tending to establish claimant's condition on November 30, 1926, other than the testimony of Doctors DeArman and Aidenstadt.

As has been herein pointed out, we conclude that the order of the Commission of November 30, 1926, was an award of compensation of $399.80 as permanent partial disability, and that an interpretation of such order, with due consideration of the law upon which same is based, has led us to conclude that same was for not to exceed 15 per cent. permanent partial loss of the foot. In G. S. & C. Drilling Co. et al. v. Pennington et al., 151 Okla. 61, 1 P. (2d) 764, this court said:

"The percentage agreed on at the time the stipulation on form No. 7 was signed, showed a 50 per cent. permanent partial loss, and the testimony at this hearing discloses 75 per cent. permanent partial loss for the use of the arm which was a marked change in condition."

In K. D. Oil Co. v. Datel et al., 145 Okla. 264, 292 P. 564, this court said:

"It is contended by the petitioners that there was no competent evidence showing a change in condition subsequent to the first award. The first award was for 25 per cent. permanent loss of the use of the left foot. At the hearing to review the award, there was evidence offered that the permanent injury or loss of use of the left foot was 40 to 60 per cent., so we cannot say there was no competent evidence to sustain the findings of the Commission upon that issue."

In the instant case the record of the former orders and award of the Commission discloses that at the time of the November 30, 1926, award, claimant had approximately 15 per cent. permanent partial loss of his foot. The reports of the several examining physicians filed prior to said award differ as to the then percentage, but some of them support the conclusion that no greater disability existed at that time. The stipulation and receipt entered into between the parties, upon which the award is based, was for 66 weeks' compensation, and the parties thereto at the time had knowledge that approximately 43 weeks of this was for temporary total disability by reason of the former order of the Commission which had become final. The Commission in considering the stipulation and receipt, and in approving same, had knowledge of its former order and approval of stipulation and receipt, which on its face and on the face of the entire record clearly shows that only approximately 22 weeks of the 66 weeks therein agreed upon was for permanent partial disability. The claimant, upon hearing of his motion to reopen, testified that the pain caused by his efforts to use the foot was far greater than it had been at the time of the November 30, 1926, award, and that there was an inflammatory condition at the time of the last hearing. Dr. McNaughton testified that there was an inflammatory condition at the time of the last hearing, and that in his opinion same was sufficient to produce pain when claimant attempted to use the foot. All of the medical experts who testified upon the hearing to reopen were in agreement that claimant's permanent partial loss of the use of the foot at the time was not less than 50 per cent. Claimant's expert testimony was to the effect that the permanent partial loss at the time was up to 100 per cent. The Commission determined the percentage permanent partial loss at the time to be 65 per cent. and ordered further payment of compensation of 40 per cent., being the difference between the 25 per cent. permanent partial loss at the time of the November 30, 1926, award, and the award of which complaint is herein made. And we think, under the above authorities, the record in this cause disclosed competent evidence reasonably supporting the findings of the Commission.

It is true the testimony of Drs. DeArman and Aidenstadt as to their opinion concerning claimant's condition, if accepted by the Commission, would have necessitated the denial of claimant's motion to reopen. Their testimony, however, is in conflict with the Commission's records as shown by its former orders; is in conflict with at least some of the physicians' reports filed in the case in 1925 and 1926; is in conflict with the stipulation and receipt filed in the case upon which the November 30, 1926, order is based; is in conflict with claimant's

testimony given at the 1932 hearing, and is in conflict with the testimony of Dr. McNaughton, particularly with reference to a present inflammatory condition of the ankle. But the Commission, as triers of the question of fact herein, determined the issues of fact after having considered all of the evidence which was conflicting, and this court is bound by such determination of fact.

As pointed out above, the Commission found a present percentage of loss of use of 65 per cent. This is supported by competent evidence. The Commission further found that the percentage of loss of use at the time of the last previous award was 25 per cent. The evidence and record supported that finding, and might be said to support a finding that the former percentage of loss of use was only 15 per cent. Had this latter finding been deemed to be proper by the Commission, the result would have been a larger award than was in fact made. Of this situation the petitioners cannot be heard to complain.

Finding no error in the proceedings of the Commission herein, the award is therefore affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., absent.