### SOUTHWESTERN COTTON OIL CO. v. HALL et al.

No. 25789.     May 28, 1935.

Rehearing Denied June 18, 1935.

Abernathy & Howell, for petitioner.

A. P. Murrah, Luther Bohanon, J. I. Gibson, and Leonard H. Savage, for respondents.

BAYLESS, J.   This is an original proceeding in this court by the Southwestern Cotton Oil Company, a corporation, hereinafter called petitioner, to review an award of the State Industrial Commission in favor of Ray Hall, hereinafter called claimant.

The record discloses that on December 21, 1923, the claimant was employed by petitioner as laborer in a hazardous employment, and on that date sustained an accidental personal injury arising out of and in the course of his employment.   The claimant's right hand was caught between the bull wheel and friction wheel of a cotton press and his hand was badly mangled and crushed.   Thereafter, and on November 1, 1924, a form 14 settlement was filed with the Commission, said form 14 being for 35 per cent. loss of the use of the right hand, or 70 weeks at the rate of $8.65 per week.

On July 14, 1934, upon hearing on motion to reopen on the ground of change in condition, the Commission found that there had been a change of condition of claimant for the worse since the award of November 1, 1924, and that there is now an additional 25 per cent. permanent partial loss of use of claimant's right hand as a direct result of the accidental injury sustained by him on December 21, 1923.   The Commission therefore ordered respondent to pay claimant 50 weeks' compensation at the rate of $8.65 per week, or the sum of $432.50.

From the above order and award the petitioner appeals and contends, first, that there is no competent evidence to sustain the finding and award.   Petitioner urged that the two medical experts who testified that claimant's condition had changed for the worse were not competent witnesses on the change in condition, since they never saw claimant before 1933, when their examinations were made; that inasmuch as they did not examine claimant and did not know of his condition in 1924, when the first award was made, they were not competent witnesses and could not, nine years later, establish a change in his condition.   The medical experts produced by claimant testified that claimant gave them a history of his injuries for the purpose of examination; examined X-ray pictures (made about the time the motion to reopen was filed), and made physical examinations of his hand; and, based upon these examinations, were of the opinion that claimant had a permanent partial disability of from 50 to 75 per

cent. to his right hand. We are of the opinion that this testimony is competent and sufficient to sustain the findings of the Commission. See J. E. Mabee, Inc., et al. v. Seaberry, 158 Okla. 166, 12 P. (2d) 912; Gibbs v. Lawrence, 166 Okla. 256, 27 P. (2d) 355, and Quality Ice Cream Co. v. Jones, 155 Okla. 197, 8 P. (2d) 751.

It is true, the testimony of Dr. Sackett, who testified on behalf of petitioner, as to his opinion concerning claimant's condition, if accepted by the Commission, would have necessitated the denial of claimant's motion to reopen. But the Commission, as triers of the facts herein determined the issues of fact after having considered all the evidence which was in conflict, and this court is bound by such determination of fact.

The case of Williams Bros., Inc., v. State Industrial Commission et al., 158 Okla. 171, 12 P. (2d) 896, cited and relied upon by petitioner as controlling upon the question herein raised, is not in point, because the award in that case was vacated on account of the insufficiency of the testimony rather than incompetency of the testimony.

It is next urged that skilled and professional testimony is required to establish a change in condition, and therefore claimant was not competent to testify to his own change in condition. The claimant testified that at the time of the first award, his finger was straight and had some action in it and he could use it; that on the hearing to reopen, it had drawn down, grown stiff, and there is no action in it whatever; that he cannot now hold, pick up, or lift; that his finger has grown worse all the time; that his thumb has grown weaker and his arm is somewhat smaller; that his thumb has grown hard, calloused, and that there is no flesh on the bone; that it continues to callous and to a greater degree. The claimant is a competent witness for the purpose of establishing these objective changes in condition. See Federal Mining & Smelting Co. v. Montgomery, 148 Okla. 145, 297 P. 240; Commonwealth Mining Co. v. Atterberry, 163 Okla. 294, 22 P. (2d) 78; and Channing v. Peyton, 152 Okla. 153, 4 P. (2d) 1.

The award is supported by sufficient competent evidence, and is therefore affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and GIBSON, JJ., concur.