## OKLAHOMA UTILITIES CO. et al. v. JOHNSON et al.

No. 26117.  June 25, 1935.

Rehearing Denied Sept. 10, 1935.

S. N. Bunch, for petitioners.

Hugh C. Jones and Charles P. Embry, for respondent Johnson.

Mac. Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for respondent State Industrial Commission.

PHELPS, J.  There is no question of law urged by the petitioners, who complain that the finding of the State Industrial Commission "that the respondent and insurance carrier had actual notice of said injury within the statutory period and were not prejudiced by failure of the claimant to give written notice" is not supported by any competent evidence.

A detailed narration of the facts is unnecessary. We have carefully examined the record and are of the opinion that there was evidence reasonably tending to support the finding. The "climbers," or "grabbers," which were attached to claimant's legs slipped or "cut out" of a telephone pole when he was near the top; he fell the length of the pole, sustaining a knee injury which later resulted in amputation of the leg. He was alone at that time. He continued working for a week or so, when complications set in and he was put to bed. There was evidence that within less than 30 days after he fell he was visited by the employer's chief engineer, to whom he described the injury and how it had been sustained. Further, claimant testified: "I told him I could not get up to turn in a notice, and he said, 'don't worry about that, I will take care of everything.' I told him I could not do that myself, and he said he would look after it." There is evidence that it was customarily claimant's duty to turn in reports of such injuries, but that he had authority to delegate some other employee to do that, and that said chief engineer was the employee so designated; that the plant was under the direct control of said chief engineer. There is also much other evidence sustaining a finding of such actual notice as would reasonably be expected to reveal the time, place, nature, and cause of the injury. There was a total absence of proof of prejudice to employer and insurance carrier by failure to give written notice within 30 days; it was given shortly thereafterward.

It is now well settled that where there is any competent evidence reasonably tending to support a finding of the Commission, said finding will not be disturbed by this court on review.

The award is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.