**SKELTON LEAD & ZINC CO. v. RED et al.**

No. 26457.   Nov. 5, 1935.

Thompson & Roberts, for petitioner.

William M. Thomas, for respondents.

PHELPS, J.  In August of 1934 Mr. Cleo Red sustained an injury to his back. The record does not reveal whether this injury was incurred while working for the present employer. On February 20, 1935, the respondent Red, who was the claimant in the Industrial Commission, had been working for petitioner about a year, but not steadily during that time. On that date he slipped while pushing a can of ore, resulting in an injury to the lower part of his back at a different place than the former injury. There is no evidence that the former injury was hindering him in the performance of his work or had caused any decreasing of earning capacity. He immediately reported the injury to the employer and was treated by the employer's physician for two weeks, after which, according to his testimony, the pain resulting from the injury prevented his doing any work at all. The Industrial Commission awarded him compensation for temporary total disability from the date of the injury, February 20, 1935, to May 9, 1935, the date of the hearing.

The employer contends that there was no evidence sustaining the Commission's finding that the claimant was earning $3.25 per day at the time of the injury. Petitioner apparently proceeds on the assumption that claimant's testimony in this respect was limited to his statement that his earnings on the day of the injury were $3.25 (he was paid on a piecework basis). Examination of the record, however, reveals that immediately following that testimony the claimant testified that around $3.25 was his wage "a day" at that time, which means per day. At another place in the record he testified concerning a day in which he shoveled 42 cans of ore at 9c per can, equalling $3.78. The finding that he averaged in the neighborhood of $3.25 per day is to some extent justified by the evidence, even though there should have been more satisfactory evidence on this issue. The employer's first notice of injury, filed with the Industrial Commission, admitted that the average earnings were $2.75 per day. While the evidence could well have been stronger, we cannot say that the finding is the result of guesswork or conjecture.

The employer next urges that although there was some evidence to sustain the finding of temporary total disability, there was no evidence that the disability was the result of the particular injury complained of. In this connection petitioner urges the principle announced by this court in Federal Mining & Smelting Co. v. Montgomery, 148 Okla. 145, 297 P. 240, to the effect that:

"When * * * the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proven by the testimony of skilled and professional persons."

A physician testified on behalf of claimant both as to objective and subjective indications of the disability. His testimony, however, was based upon his personal examination and X-ray picture of the claim-

ant's back, on April 30, 1935, about two months after the injury. The employer contends that the claimant could have had this injury all the time, even prior to the accident in question, and that therefore the testimony based on the doctor's examination, and on his X-ray, was not evidence that the disability was caused by this particular accident. On cross-examination the doctor was handed another X-ray picture, taken by the employer's doctors, and he, evidently assuming from the nature of the questions that the picture was taken a few days before the hearing, testified that that picture showed exactly the same condition in claimant as did the picture which he himself made on April 30, 1935. Later, the employer's doctor testified that this particular X-ray picture was taken two days before the accident in question. While this was an interesting and amusing illustration of clever trial practice, its effect was merely to discredit the testimony of claimant's expert to the effect that the injury had probably caused the present disability. The claimant himself, however, testified that this particular picture was taken after the accident. Thus, from the viewpoint of an appellate court, the situation involved merely the relative credibility of witnesses and a finding of fact upon disputed evidence. In such case we make no attempt to gauge the credibility of the witnesses or to dictate what particular finding of fact, upon such disputed evidence, the Commission should have made. In addition, claimant's testimony that he had performed said hard manual labor for the employer for upward of a year was not denied by said employer. It therefore appears that prior to the accident in question, the claimant was not suffering from any previous disability. He testified that from the date of the injury he had been unable to do any work of any kind, and in this proceeding the employer does not question that fact, except by inference. While claimant's expert could not and did not testify that the fall caused claimant's present condition, he did testify that if claimant fell at the time and in the manner testified by claimant, it caused the disability evidenced by his own examination and X-ray picture, in his opinion. The Commission was not bound to believe that the same condition existed before the fall, for claimant testified that the picture which was taken by the employer, referred to above, was taken after the accident. From claimant's testimony the Commission was authorized

to believe that he was in good health and satisfactorily performing his work, that he fell while working, and that thereafter, on account of the pain in the region injured, he was unable to work. From the testimony of claimant's expert the Commission was authorized to believe that at the date of the hearing the claimant was not feigning, but was under an actual existing physical disability, which, in the opinion of said expert, would probably result from such fall. That the disability resulted from the fall is therefore a reasonable inference which, in the Commission's own judgment, it was authorized to deduce. It is not for us to say which side of the case the Commission should have believed. The award is affirmed.

McNEILL, C. J., and BAYLESS, BUSBY, and GIBSON, JJ., concur.