## OKLAHOMA UTILITIES CO. et al. v. JOHNSON et al.

No. 27393. Feb. 16, 1937.

Rehearing Denied March 23, 1937.

S. N. Bunch, for petitioners.

Hugh Jones and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as petitioner and respondent. This is the second time this matter has been before this court. The first appeal is reported in 173 Okla. 352, 48 P. (2d) 824, in which this court affirmed an award.

This phase of the case presents purely a question of jurisdiction of the State Industrial Commission to enter an award for medical expenses. The reasonableness of the fee is not contested and petitioner relies upon those authorities which express the rule that before medical services incurred by an employee can be recognized as a valid claim by the State Industrial Commission, it must be shown first that there was a request for medical attention and that the request was denied.

Respondent was manager of the Oklahoma Utilities Company plant at Hominy, Okla., and the one to whom ordinarily reports of accidents were made, and there is no question but that the officers of the petitioner knew that he was injured and that he was in the hospital being treated for such injury. He testified that he assumed the right, as manager of the plant, to get his own medical aid. In fact, the record reflects quite clearly that from time to time he was visited either in the hospital, or where he was confined, by the officers of the company, or at least by one employee of the company in as responsible position as his own.

We have considered the provisions of section 13354, O. S. 1931, and the provision of the law of which that section is an amendment by chapter 61, 1923 S. L., to wit, section 7288, C. O. S. 1921. Some of the cases involving the consideration of those sections are as follows: Okmulgee Democrat Publishing Co. v. State Industrial Commission, 86 Okla. 62, 206 P. 249; St. Louis Smelting & Refining Co. v. State Industrial Commission, 86 Okla. 216, 207 P. 734; Whitehead Coal Mining Co. v. State Industrial Commission, 89 Okla. 24, 213 P. 838; Oklahoma General Power Co. v. State Industrial Commission, 108 Okla. 251, 235 P. 1095; Farley v. H. T. Milling Co., 113 Okla. 112, 239 P. 451; Standard Paving Co. v. Lemmon, 129 Okla. 15, 263 P. 140; Skelly Oil Co. v. Skinner, 162 Okla. 150, 19 P. (2d) 548; Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566; Ada Brick Co. v. Robinson, 155 Okla. 267, 9 P. (2d) 1; Underwriters Land Co. v. Dirst, 152 Okla. 286, 4 P. (2d) 1015; Summit Drilling Co. v. Graham, 154 Okla. 64, 6 P. (2d) 693; Southwestern Bridge & Culvert Co. v. Sullenger, 167 Okla. 498, 30 P. (2d) 881.

The statute at the time of the early decisions, as stated above, was section 7288, C. O. S. 1921. It then provided in part as follows:

"The employee shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so."

The relevant parts of the section as contained in 13354, now provide:

"The employer shall promptly provide for

an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during 60 days after the injury or for such time in excess thereof 'as in the judgment of the commission may be required. If the employer fails or neglects to provide the·same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect, or failure, may do so at the expense of the employer; provided, however, that the injured employee or another in his behalf, may obtain emergency treatment at the expense of the employer where such emergency treatment is not provided by the employer."

The first case brought to our attention after the amendment is Oklahoma General Power Co. v. State Industrial Commission, 108 Okla. 251, 235 P. 1095. Therein the court said:

"Section 7288, C. O. Stat. 1921, provides as follows:

" '* * * The employee shall not be entitled to recover any amount expended by him for such treatment or services (medical, surgical or other attendance or treatment, nurse and hospital services) unless he sha'l have requested the employer to furnish the same and the employer shall have refused or neglected to do so. * * *'

"The evidence fails to disclose any compliance with the positive provisions of the statute, and we are of the opinion that this assignment of error should be sustained in view of the fact that the amendment of 1923 affecting this section of the Workmen's Compensation Law was not in force and effect at the time the liability herein arose." (Emphasis ours.)

The next case to consider the question where the facts arose subsequent to the amendment was Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566. It will be seen by an analysis of that case that the Attorney General appeared for the claimant and confessed error on behalf of the Industrial Commission without considering the nature of the amendment.

Although each of the latter cases cited above arising since the 1923 amendment can be justified on the facts in excluding the medical aid under the terms of section 13354, supra, these opinions seem in some sense at least to overlook the fact that the Legislature removed the necessity of a request, where the employer had knowledge of the injury and failed and neglected to furnish aid under the terms of the statute. Especially would that be true in the case at bar, where the petitioner confessedly knew of

the injury and visited the respondent at the time he was confined to his bed and in effect impliedly consented as a matter of fact to the arrangements made for the necessary medical attention. We find no error in the award as entered, and the same is affirmed.

BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.