**MORRIS et al. v. BASS et al.**

No. 28324.    June 7, 1938.

Birge & Schwoerke and Ross G. Hume, for petitioners.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.    J. W. Bass filed his first notice of injury on September 21, 1937. In this claim it was stated that he sustained an injury to his neck, back, head, shoulders, and arms when he was struck on the head with an iron post on September 10, 1937.

At the time of the accident said J. W. Bass was assisting a truck driver employed by B. F. C. Morris Company engaged in pulling up iron posts. He signalled the driver to pull up, and a chain wrapped around the post slipped striking him and causing the injury. The parties will be referred to as petitioners, meaning B. F. C. Morris Company and B. F. C. Morris, and respondent, meaning J. W. Bass, unless a clearer designation is necessary.

The commission entered an award under the date of November 13, 1937, finding that on September 10, 1937, the respondent was in the employ of both petitioners; that petitioners were engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation

68

Law; that, arising out of and in the course of his employment, respondent sustained an accidental injury to his head, neck and shoulders, and by reason thereof is temporarily and totally disabled; that his wages cannot be fairly and reasonably computed under subdivision 1 or 2 of section 13355, O. S. 1931, and that under subdivision 3 thereof it is determined that his wage-earning capacity is $900 annually. An award was made accordingly for $11.54 per week. Petitioners seek to vacate this award.

We hold that the award must be vacated as to B. F. C. Morris individually under the authority of Campbell Oil Co. v. Elledge, 177 Okla. 601, 61 P.2d 223. Therein the court said:

"Where, in connection with a claim for compensation before the State Industrial Commission, the relation of employer and employee is denied, and the evidence before the commission fails to establish such relation under any of the foregoing conditions, a finding by the commission that such relation does exist is without competent evidence to support it, and an award based thereon will be vacated."

We have reviewed the entire record, and find that there is no evidence in the record justifying the award against B. F. C. Morris individually. B. F. C. Morris, as president of the B. F. C. Morris Company, employed the respondent, and there is nowhere in the record any evidence tending to disclose that B. F. C. Morris was engaged individually in a joint adventure. Respondent relies upon a contract of guaranty made by B. F. C. Morris to the parties agreeing to wreck the premises and a statement of his son, an officer of the company, that respondent was working for "his Dad." We do not find in these facts any competent evidence to authorize a finding that respondent was employed by B. F. C. Morris. This is the first proposition that is presented by petitioner.

The only other proposition is that there is no competent evidence in the record to sustain the finding by the State Industrial Commission allowing medical expenses. This court has very recently considered the statute with relation to the allowance of medical expenses in Oklahoma Utilities Co. v. Johnson, 179 Okla. 456, 66 P.2d 10, and United States Casualty Co. v. Steiger, 179 Okla. 407, 66 P.2d 55. In the latter case it is said:

"Section 13354, O. S. 1931 (85 Okla. St. Ann. sec. 14), provides that the employer shall promptly provide for an injured employee such medical attention as may be necessary, and that if the employer fails or neglects to provide the same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect or failure, may do so at the expense of the employer.

"Where the State Industrial Commission finds from competent evidence that the expenses for medical attention are properly allowed under the provisions of section 13354, O. S. 1931 (85 Okla. St. Ann. sec. 14), the award will not be vacated because there is not shown a specific demand for such medical attention and a refusal to give the same as formerly provided in section 7288, C. O. S. 1921."

In Oklahoma Utilities Co. v. Johnson, supra, it is pointed out that section 7288, C. O. S. 1921, was amended by S. L. 1923, c. 61, sec. 5, which removed the provision that an injured employee must make a specific request for medical attention and have such request refused before he was authorized to engage his own doctor. We are of the opinion, and hold, that there is competent evidence in the record from which the State Industrial Commission was warranted in allowing the medical fee in the case at bar and in this respect the award is affirmed. These are the only two specifications of error which are presented to this court for review.

The award is affirmed as to B. F. C. Morris Company and vacated as to B. F. C. Morris individually.

Affirmed in part and vacated in part.

RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur.