## OKLAHOMA LEADER CO. et al. v. WELLS et al.

No. 21278. Opinion Filed March 10, 1931.

H. C. Thurman (Byrne A. Bowman, of counsel), for petitioners.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action to review an order and award of the State Industrial Commission made and entered on the 8th day of April, 1930, wherein A. Wells, respondent herein, was awarded compensation for temporary total disability at the rate of $11.15 per week from date of alleged accident until further ordered by the Commission. The first finding of the Commission is as follows:

"That claimant, A. Wells, sustained an accidental personal injury arising out of and in the course of his employment with respondent herein on October 24, 1929."

Petitioners allege that the evidence is insufficient to support the finding of the Industrial Commission that respondent A. Wells sustained an accidental injury arising out of and in the course of employment. The record discloses that respondent Wells was working for the Oklahoma Leader Company; that he worked eight hours a day. His testimony was, in part, as follows:

"Q. Did you have an accident on or about October 24, 1929? A. Yes, sir. Q. State how it happened. A. I was working with a pair of pliers on the bluing machine and laid them down and went to pick them up and a pain came in my side and it never left me, and I went home at noon and went to bed, and about 5 o'clock I called a doctor."

On cross-examination respondent Wells testified that this occurred about 9 or 9:30; that he went home at noon. He testified as follows:

"Q. Did you state that you leaned over to pick up a screw driver or pair of pliers? A. Yes, sir. Q. You didn't fall or slip? A. No, sir. Q. And nothing hit you? A. No, sir. Q. There was no exertion about leaning over to get the pliers? A. If there was, I don't remember it."

That is all of the respondent's testimony tending to show an accidental injury arising out of and in the course of employment. The evidence further discloses that he was taken to the hospital, operated on for appendicitis, and that the appendix was found to be in good condition. The physicians then operated for a diseased kidney. Dr. John Z. Mraz testified that he had examined the respondent and assisted on the operation of respondent; that after he found the appendix was normal he turned respondent on his side and drained an enormous collection of fluid; that respondent had a diseased right kidney and that the same should be

out. On cross-examination, Dr. Mraz testified that he did not see any evidence of trauma or injury on the right side; that when he stooped over and picked up the wrench, something happened—either the kidney gave a little twist or something shut off the kidney from the bladder and it could not empty and on filling up the infection there caused fever, and he was a very sick man.

Dr. J. G. Binkley, who was also present at the time respondent was operated on, stated the disability of respondent might be caused from the urethra—by a kink in the urethra and pelvis infections or strictures; but that he could not say positively which caused it; that the kink, if it was a kink, could be caused by accidental injury; that the inflammation would cause a stricture; that an accidental injury would cause a kink. This testimony when given a most liberal construction fails to support a finding that respondent Wells received an accidental injury arising out of and in the course of his employment.

This court in the case of Natol v. Booth & Flinn Co. et al., 139 Okla. 103, 281 Pac. 264, in the first paragraph of the syllabus, said:

"An injury does not arise out of the employment within the meaning of section 7285, C. O. S. 1921, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between conditions under which the work is required to be performed and the resulting injury."

In the case of Sinclair Pipe Line Co. v. State Industrial Commission, 134 Okla. 300, 272 Pac. 1030, this court said:

"An injury arises out of and in the course of employment when there is a causal connection between the conditions under which work is required to be performed and the resulting injury. It must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

The Supreme Court of Colorado in the case of Carroll v. Industrial Commission of Colorado, 195 Pac. 1097, in the second paragraph of the syllabus, said:

"Where the dust-laden condition of the air in which an employee was working brought on an attack of heart trouble resulting in death, the result was unexpected and unintended, and therefore an 'accident,' and the death resulted from an injury proximately caused by accident within the Workmen's Compensation Act."

The Supreme Court of California in the case of Fidelity & Casualty Co. v. Industrial Commission, 171 Pac. 429, in the first and second paragraphs of the syllabus said:

"Under the Workmen's Compensation Act (St. 1913, p. 279) as it stood in January, 1914, providing for compensation for any personal injuries by accident arising out of and in the course of the employment, the word 'accident' cannot be confined to an injury by external, violent, and accidental means, but includes injuries to workmen which are unexpected and unintentional.'

"A show card sign-writer who used quantities of wood alcohol in an air brush used in writing cards, and owing to rush of work used such quantities of the alcohol that his sight was permanently impaired, was entitled to compensation; his injuries having been sustained by accident."

This court in the case of Ward v. Beatrice Creamery Co., 104 Okla. 91, 230 Pac. 872, in the second paragraph of the syllabus, held:

"Burns, scalds, and salivation, suffered by an employee caused by the use of a substance known as soda ash in the process of sweetening cream, in a hot room, in the creamery of the defendant corporation, in the course of his employment, are within the operation of the Workmen's Compensation Act, providing compensation for accidental injuries. In such a case the State Industrial Commission has exclusive jurisdiction in this state to grant relief in an action for damages to such employee."

These cases are cited and relied on by respondent in the case at bar. We agree that the above cases state the correct rule of law, but respondent's case before the Industrial Commission and before this court does not come within any of the rules announced in these cases. We think the record justifies the statement that the respondent had a diseased kidney prior to the disability, and if there was any testimony showing that said disease was accelerated, aggravated, or lighted up by an accident, it would be the duty of this court to sustain the finding of the Industrial Commission, but there must be something more than disability.

There must be some accidental injury arising out of and in the course of employment. Taking the testimony of respondent in its most favorable light, it only tends to prove that the disability came on respondent while he was engaged in work for petitioner. It does not show any accident, any more than the normal actions of a normal man. There was no strain—no unusual or unforeseen

movement of respondent. As stated in some of the cases, it is no less an accident when a man suddenly breaks down than when there is a like mishap to the machine he is operating. Nor is it a defense that the workman had some predisposing physical weakness, but for which he would not have broken down. If the employment was the cause of the collapse, in the sense that but for the work he was doing in would not have occurred when it did, the injury arises out of the employment. But the essential connecting link of direct causal connection between the personal injury and the employment must be established before the act becomes operative. The personal injury must be the result of the employment and flow from it as the inducing, proximate cause. The injury must be fairly traced to the employment as a contributing cause.

Many cases are cited by petitioners and respondents supporting this contention in this case, none of which are controlling here for the reason the facts are not identical.

We are therefore of the opinion that the finding of the State Industrial Commission that respondent A. Wells sustained an accidental personal injury, arising out of and in the course of his employment with petitioner on October 24, 1929, is not supported by the evidence.

The award of the State Industrial Commission is reversed and vacated, and the cause remanded for further proceeding not inconsistent with this opinion.

HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. RILEY, J., concurs in conclusion. LESTER, C. J., and KORNEGAY, J., not participating.

Note.—See under (1) 28 R. C. L. p. 787; R. C. L. Perm. Supp. p. 6214; R. C. L. Continuing Perm. Supp. 1200. (2) 28 R. C. L. p. 828, R. C. L. Perm. Supp. p. 6254; R. C. L. Continuing Perm. Supp. p. 1211.