## ATLANTIC REFINING CO. v. ALLEN et al.

No. 28651. Feb. 28, 1939.

Rehearing Denied April 11, 1939.

Application for Leave to File Second Petition for Rehearing Denied May 31, 1939.

Charles B. Ellard, Miley, Hoffman, Williams, France & Johnson, and Charles E. France, for petitioner.

Tom C. Waldrep and Clarence Tankersley, for respondents.

CORN, J. This an original action in this court in which a review is sought of an award made by the Industrial Commission in favor of the claimant and against the respondent, referring to the parties as they appeared in the proceedings before the Industrial Commission.

The contention of the respondent goes to the sufficiency of the evidence to sustain the findings of fact by the Industrial Com-

mission that the claimant sustained an accidental personal injury, arising out of and in the course of his employment, to wit: Inhalation of gas fumes and head injury, resulting in permanent and total disability; also the sufficiency of the evidence to sustain the finding of fact that the respondent had actual notice of the injury and that its rights were not prejudiced by failure to give notice within 30 days.

The record discloses that the claimant had been in the employ of the respondent for some five or six years prior to November 4, 1937, on which date he was subjected to and inhaled gas fumes while working on a gas line and sustained a fall while attempting to crank an engine; falling backward and striking his head upon the cement floor of the engine room. He suffered during that day and on five succeeding days with periodical attacks which were manifested by a tingling sensation in his arm and leg and a general physical weakness. At the time he thought that the fall was of no consequence, except that it caused a crick in his neck. He attributed his condition to the inhalation of gas. On the morning of November 10, 1937, -he started to his work, but between his residence and his automobile he had a more serious attack than any he had previously suffered, and for that reason returned to his residence. He instructed his wife to notify the respondent concerning his condition and to request respondent to furnish him medical attention and to send another man to perform his work. Acting upon this notice and request, respondent's superintendent, Mr. Harry Armstrong, sent one of respondent's employees to take claimant to a physician, and another to take over claimant's work. That afternoon Mr. Armstrong visited the hospital, the attending physician and the claimant, at which time he was informed by the physician that the claimant had sustained a lesion in the brain and that he did not know the cause of the lesion. Mr. Armstrong testified that his discussion of the case with the attending physician was had because the case might be one coming within the compensation act of this state.

Claimant filed employee's first notice of injury with the Industrial Commission December 23, 1937, in which he stated the nature and extent of injury to be "Don't know—paralysis of left side of body"; and the cause of the accident as "inhaling gas fumes." On January 14, 1938, he filed an amended first notice of injury in which he stated the nature and extent of the injury exactly as it had been stated in the original notice, and stated the cause to be "inhaling gas fumes and falling a distance of several feet causing injury to back, side, hips, head and neck and other injuries."

The respondent complains that it did not have notice within 30 days of any injury resulting from the fall. The amended notice was filed after medical authorities had determined the cause of the injury to be the fall rather than from inhaling the gas fumes. At first the claimant did not report the fall as the cause of his injury, but attributed his illness to the inhalation of the gas fumes.

The cause of the lesion in claimant's brain is a question of medical science, and according to medical testimony it could have been caused by either of the accidents. The claimant reported his injury to respondent, and respondent had him taken to a physician and to the hospital for medical attention and treatment.

In the case of Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P.2d 1212, we held:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon, when reasonably supported, will not be disturbed."

It necessarily follows that where a compensable injury resulting from one or more of a number of contributing causes has been reported, or the respondent has knowledge thereof, and the cause is one of science, the respondent is bound by notice or knowledge of such injury, resulting from any contributing cause.

There is no conflict in the evidence concerning claimant's permanent total disability, or its cause. The claimant alone testified concerning the inhalation of the gas and the fall in the engine room, but he was subjected to cross-examination by respondent, and the commission had before it the facts in the case. The record shows that the respondent had actual notice and knowledge of all facts that the claimant knew and connected with his disability, and that the respondent correctly admits that the cause of the lesion was a question for medical science. Respondent's medical testimony merely shows that the claimant's paralysis could have resulted from natural

196

causes rather than from the injuries sustained by the accidents. The respondent failed to show that its rights were prejudiced by failure to receive written notice.

We are of the opinion, from an examination of the record, that the findings of fact by the Industrial Commission are sustained by the evidence under the above rule, and hold that such findings of fact are conclusive upon this court, and that the award should be, and is, affirmed.

BAYLESS, C. J., and RILEY, HURST, and DANNER, JJ., concur.