KNOTTS BAKERY et al. v.
FREUDENTHALER et al.

No. 29222.   Dec. 17, 1940.

*108 P. 2d 540.*

Don Anderson, of Oklahoma City, for petitioners.

Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 21st day of February, 1939, the respondent filed his first notice of injury and claim for compensation, therein alleging that he sustained an accidental injury on January 15, 1939, when he wrenched his back. On the 14th day of April, 1939, the State Industrial Commission entered its award, which this proceeding is commenced to review, finding that the respondent sustained an accidental injury arising out of and in the course of employment, and ordered temporary total disability to be paid for five weeks and one day.

The consequent disability is not seriously in dispute, and there is medical evidence of Dr. Ewing which supports the finding that the injury is a result of the lifting of a bucket as testified by the respondent. The hazardous employment is conceded by stipulation. The accidental injury is in dispute.

Respondent testified that while employed as a mixer in the petitioner's bakery he was carrying a 12-quart water bucket filled with water from the water scales to the mixer; that he set the bucket down and picked it up again, when he felt a catch in his back; that he stood there for five or ten minutes unable to move even his feet; that he sent a man named Smith, who was in the building, for the foreman to come down; that the foreman called Dr. Ewing, who gave him temporary treatment, and respondent was then taken home.

The issue presented is whether from all of the facts and circumstances. there was an accidental injury arising out of and in the course of the employment. Both parties cite and rely upon the language in and comment on the fact situations in the following cases of similar nature: National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497; Turner v. Ford, 183 Okla. 567, 83 P. 2d 844; Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751.

In Oklahoma Leader Co. v. Wells, supra, the employee leaned over to pick up a pair of pliers. An award made in his favor was vacated. In National Biscuit Co. v. Lout, supra, the employee was in the act of stooping to pick up a sack. An award in his favor was vacated. In Turner v. Ford, supra, the employee was pushing a wheelbarrow up an incline. An award in his favor was vacated. We think it must be conceded that by the testimony presented the State Industrial Commission was justified in believing that whatever happened was occasioned by the lifting of the bucket, which weighed 25 pounds. The rule to be applied was aptly stated in National Biscuit Co. v. Lout, supra, wherein we said:

"As we have said in Ward v. Beatrice Creamery Co., 104 Okla. 91, 230 P. 872: 'The term "accidental injury," as used in the Workmen's Compensation Act of this state, must not be given a narrow meaning, but, according to the great weight of English and American authorities, the term is to receive a broad and liberal construction, with a view of compensating injured employees, where the injury results through some accidental means, was unexpected and undesigned, or may be the result of mere mischance or of miscalculation as to the effect of voluntary action.' "

We have had occasion to consider a number of cases wherein it was claimed the accidental injury resulted from strain occasioned by pulling or lifting. In Evans-Wallower Lead Co. v. Dry, 178 Okla. 48, 61 P. 2d 561, this court sustained an award wherein the employee testified that he lifted a lever in adjusting a pulley belt and sprained his back. Other awards sustained are: Indian Territory Illuminating Oil Co. v. Pound, 156 Okla. 101, 9 P. 2d 417, where the employee was rolling or lifting casing and sprained his back; Junior & Sooner Oil & Gas Co. v. Pfalzgraf, 164 Okla. 59, 22 P. 2d 911, where the employee sprained his right shoulder while pulling a burning car from in front of a gas meter; Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. 2d 450, where the employee sprained his back while lifting a loaded ore can in a mine; and Berger v. Reynolds, 139 Okla. 163, 282 P. 143, wherein the employee was setting a telegraph pole and in raising the pole wrenched his back.

The test in each case must be that which will determine as nearly as possible from a practical standpoint whether there has been an accident which could reasonably cause the injury. The rule has been variously announced. It is the application which is difficult.

In view of all the facts and circumstances, we hold that there is sufficient evidence to justify the award.

Award sustained.

BAYLESS, C. J., and OSBORN, CORN, DAVISON, and NEFF, JJ., concur.