PHILLIPS PETROLEUM CO. v. EAVES et al.

No. 32969.   Jan. 13, 1948.

Rehearing Denied March 2, 1948.

*190 P. 2d 462.*

Don Emery, Rayburn L. Foster, and R. B. F. Hummer, all of Bartlesville, and Harry D. Turner, Cecil C. Hamilton, and Lloyd G. Minter, all of Oklahoma City, for petitioner.

Wallace Hatcher, of Pauls Valley, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J.   On the 1st day of August, 1946, respondent, claimant, filed two notices of accidental injury,

one is based upon a claimed injury July 11th, whereby it is alleged that a sunstroke resulted; the second alleges that on July 15th an accidental injury resulted in a strain of the back by lifting a joint of pipe. As to how this alleged accident occurred the respondent said:

"Claimant was attempting to pick up one end of a 30 ft. joint of ½ inch pipe when he felt a sharp pain in the lower portion of his back".

The two claims were set for hearing and on the date of trial a stipulation was entered into whereby it was conceded by appellant that on the days mentioned respondent was in its employ; that his employment was within and covered by the Workmen's Compensation Law; that respondent's wages were such as to entitle him to the maximum compensation rate of $21 per week, and that the two claims for compensation might be heard and determined together by the commission.

The commission found that the claimant suffered two accidental injuries on the respective dates alleged and hereinbefore stated; that the nature of the accidental injuries was as alleged, and that by reason thereof the claimant had a 60% permanent partial disability to the body as a whole.

The respondent testified that he was running casing on the afternoon of July 11, 1946, and working very rapidly; that the temperature was approximately 100°; that the well being drilled was located in the neighborhood of a river bottom where there were trees and high grass; that he became overheated and had to go to the shade and rest; that he became sleepy, nauseated, had cramps in the stomach, his lower extremities ached, and that he became unconscious and remained so until quitting time. Other witnesses testified to essentially the same effect and further stated that the oil surrounding the well, the high grass, the location near or in the river bottom, made the general surroundings hotter than otherwise would have been.

It is not seriously contended that there is no evidence reasonably tending to support the commission's finding that the claimant suffered an accidental sunstroke. The evidence discloses the circumstances and physical surroundings at the place and time of the claimed sunstroke. The testimony, including medical opinion, supports the commission in its finding that claimant suffered an accidental sunstroke. See Cowan v. Watson, 148 Okla. 14, 296 P. 974; Sheehan Pipe Line Co. v. Cruncleton, 163 Okla. 205, 22 P. 2d 112 and Nims & Frost v. Abner, 188 Okla. 356, 109 P. 2d 237.

The evidence does not differentiate the disability, if any, resulting from the sunstroke and that following the alleged back injury.

The award was for 60% permanent partial disability to the body by reason of both alleged accidents. To sustain the award, since the compensation awarded was based on the combined disability resulting from both alleged accidents and is not separable, it must appear that an accident occurred on July 15th causing injury to the back. On this point claimant said:

"After hauling four loads of pipe we commenced screwing it together and I reached down to get a joint of pipe and when I did, in a hurry like, I couldn't straighten up and I hung my foot in something, a weed or a bush or something, and come pretty near falling and that is when the pain hit me in the back and it has never straightened up since that time to this."

If his injury to the back was the result of merely stooping over, as everybody has occasion to do frequently in movement and use of the body, whether in furtherance of employment or not, then the occurrence would not be an accident and any injury therefrom would not be compensable because not of accidental origin. It would be merely a lamentable result of an ordinary employment of the body unattended by any accidental circumstances. Such occurrences are not accidental and, there-

fore, not covered by the Workmen's Compensation Law. Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751; National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 497.

A witness for claimant testified:

"A. He was stabbing pipe and fell down and hit his back. Q. How did he know he hurt his back? A. He said he did; he turned sick. Q. Did he quit work then? A. He went over to the shade a while. Q. And you saw this happen? A. Yes, sir. Q. Mr. Pierce, how did Mr. Eaves fall when he hurt his back? A. He stubbed his toe on the big pipe—stubbed his toe and fell. Q. Seemed to fall hard? A. Awfully hard."

A witness for the employer in answer to what the claimant's activities were for the rest of the day following the stabbing of the pipe said:

"I noticed Mr. Eaves when he was stabbing the pipe there he was all drawed over and bent and I asked him what was the matter and he said he injured his back or strained his back and I told him to go up to the truck and lay down or sit in it and rest, whatever he wanted to do, so he went to the truck and he didn't drive his truck in that evening. He was taken in by the pulling gang."

There being no special circumstances dictating otherwise, the claimant should be held to this theory of how the injury occurred. It is obvious from the quotations above that no probative value should be accorded the testimony of claimant's witness as to how the alleged accident occurred.

Standing alone, but viewed from all the uncontroverted circumstances, we must conclude that there is no competent evidence to support the necessary finding, in order for there to be an accident here, that the claimant strained his back in lifting a joint of pipe or that he injured himself by accidentally stumbling or falling in the course of and arising out of his employment. Under the claimant's testimony—and he had full opportunity to clearly detail the sequence of events relating to the happening of his alleged accidental injury—the finding that an accident occurred was based on conjecture. Under the present state of claimant's testimony the sequence of events is: (1) that he stooped over in usual manner and without attendant or unusual circumstances —just "in a hurry like"; (2) he could not straighten up (something happened); (3) he then hung his foot in something—a bush or weed—and nearly fell; (4) that's when the pain hit him; (5) his back has never straightened up since. Could it be reasonably said, under the indefinite state of the proof, that his injury, if any, resulted from anything other than from stooping? We do not think, considering all the circumstances, that there is any proof of probative value that shows otherwise. See Oklahoma Leader Co. v. Wells, supra; National Biscuit Co. v. Lout, supra; Turner v. Ford, 183 Okla. 567, 83 P. 2d 844; Western Good Roads Service Co. v. Coombes, 185 Okla. 599, 95 P. 2d 633; Armour & Co. v. Worden, 189 Okla. 106, 114 P. 2d 173.

In support of his contention that an accident occurred on July 15th causing the strained back, the respondent cites Indian Territory Illuminating Oil Co. v. Pound, 156 Okla. 101, 9 P. 2d 417; Skelton Lead & Zinc Co. v. Red, 174 Okla. 510, 50 P. 2d 1118; Knotts Bakery v. Freudenthaler, 188 Okla. 321, 108 P. 2d 540. The awards in these cases were based upon strain by lifting or injury by accidental falling. If the evidence here was sufficient to show strain by lifting or injury by accidental falling the cases would be in point, but since there is no evidence in the case to show a strain of the back or any other portion of the body of the claimant by strain by lifting or injury from accidental falling, the cases are neither in point nor helpful.

Award vacated. The cause is remanded to the State Industrial Commission with directions to determine the disability, if any, attributable to the sunstroke.

HURST, C.J., DAVISON, V.C.J. and BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.