HART CONST. CO. et al. v.
WEAVER et al.

No. 33593.   March 15, 1949.
Rehearing Denied April 5, 1949.
Second Petition for Rehearing
Denied June 7, 1949.

*206 P. 2d 724.*

George E. Fisher, of Oklahoma City, for petitioners.

Frank Seay, of Seminole, for respondent, Harry H. Weaver.

Mac Q. Williamson, Atty. Gen., for respondent, State Industrial Commission.

O'NEAL, J. This is an original proceeding brought in this court by Hart Construction Company and its insurance carrier to review an award made by a trial commissioner awarding compensation to respondent, Harry H. Weaver. The trial commissioner found that on July 3, 1947, respondent, while in the employ of Hart Construction Company, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his back; that as a result of such injury he sustained a permanent partial disability of 20 per cent to his body as a whole and awarded compensation.

It is contended by petitioners that the evidence is insufficient to sustain the finding of the commissioner that respondent while in the employ of petitioner, Hart Construction Company, sustained an accidental injury arising out of and in the course of his employment.

Respondent testified that on the 3rd day of July, 1947, while in the employ of petitioner, Hart Construction Company, and while engaged in prying loose boards and seats in a gymnasium building with the use of a nail bar, he sustained an injury to his back which resulted in some disability to his person and that he has never fully recovered therefrom. He stated that while engaged in prying loose the seats and boards, he felt something tear loose in his back; that it made him sick and that he was by reason thereof unable to continue in his work; that he thereafter went to a doctor who examined and treated him and has been treating him ever since. He further testified that prior to such injury he never had any injury to his back, had never experienced any trouble thereto, and that as far as he knew he never had any sickness or disease that affected his back.

The medical testimony is in conflict as to the cause and extent of disability, if any, which respondent now claims to have.

The doctor who first examined and treated respondent stated that he found him suffering from an injury to his back and that as a result of such injury he had sustained a permanent partial disability to his body as a whole ranging from 20 to 25 per cent. He, however, stated that in his opinion such disability was due in part to arthritis and in part to the injury sustained on July 3, 1947.

Two physicians, who had examined respondent and who testified on behalf of petitioners, stated that they found no evidence of arthritis, and further stated that in their opinion respondent was not at all disabled, and if he had sustained any disability as a result of his claimed injury he has completely recovered therefrom and is able to go back to work. One doctor, who testified in behalf of respondent, stated that he first saw and examined him in March, 1948; that he found him suffering from some injury to his back; that he had a very severe sacro-iliac and lumbar strain and as a result of such condition respondent was permanently partially disabled to the extent of 50 per cent, and further stated that from the history of the case obtained from respondent and his examination, such disability was caused by strain and injury to respondent's back while engaged in prying loose the boards and seats.

It is not seriously disputed by petitioners in their brief that respondent,

while engaged in prying loose the boards and seats in the gymnasium building, suffered some injury and disability to his back. It is, however, contended by them that such injury and disability was not caused by any accident. It is argued that under the evidence the injury and disability to his back occurred apparently without cause other than the ordinary and usual movements of the body while at work; that the work in which he was engaged required no unusual exertion and no such exertion which could have caused a strain to the back; that he was simply engaged in doing his work in the usual and ordinary manner when a pain suddenly struck him in the back; that the evidence is wholly insufficient to show that the injury sustained by him was an accidental injury. In support of this contention they cite and rely upon the following cases: Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751; National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497; Turner v. Ford, 183 Okla. 567, 83 P. 2d 844, and cases from other states, to which cases may be added the recent case of Phillips Petroleum Co. v. Eaves, 200 Okla. 21, 190 P. 2d 462.

None of these cases in our opinion is applicable to the facts in the present case. In none of these cases was the employee at the time he sustained his injury engaged in any activity which required any unusual exertion. In several of the cases relied upon, the employee was suddenly stricken with an affliction while in the act of bending and stooping over for the purpose of picking up certain objects. In none of these cases was the employee at the time he sustained his injury engaged in any lifting, pulling, prying or exerting himself in any manner likely to cause a strain to any portion of his body.

In the instant case the evidence above detailed is sufficient to show that respondent sustained an injury consisting of a strain to his back while engaged in prying loose boards and seats in a gymnasium building with the use of an iron bar, and is sufficient to establish an accidental injury within the meaning of the Act. The facts in the instant case bring it within the rule announced in the following cases, in all of which cases we held the injury sustained by the employee constituted an accidental injury. Clarksburg Paper Co. v. Roper, 196 Okla. 504, 166 P. 2d 425; Carden Mining & Milling Co. v. Yost, 193 Okla. 423, 144 P. 2d 969; Terminal Oil Mill Co. v. Younger, 188 Okla. 316, 108 P. 2d 542.

The evidence amply supports the finding and award of the State Industrial Commission.

Award sustained.

DAVISON, C. J., and CORN, HALLEY, and JOHNSON, JJ., concur. ARNOLD, GIBSON, and LUTTRELL, JJ., dissent.

