CHOCTAW COUNTY et al. v.
BATEMAN et al.

No. 34533.  Nov. 5, 1952.

Rehearing Denied Jan. 27, 1953.

*252 P. 2d 465.*

Mont R. Powell and Anthony R. Kane, Oklahoma City, for petitioners.

Jenner & Bradley, Hugo, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, J. Steve E. Bateman, hereinafter called claimant, filed his notice of injury and claim for compensation stating that while employed as a laborer for Choctaw county he sustained an accidental injury on June 23, 1949. The proceeding to determine the nature and extent of the disability was heard at Idabel, Oklahoma, before Commissioner Thomas D. Lyons. The claimant was not represented by counsel at that hearing which was the only hearing conducted and the examination of the claimant was by the trial commissioner. No evidence was offered by the petitioners.

Claimant stated that he received the injury as detailed in his Form 3 Claim. The record then states:

"The Court: And did they pay you some temporary? A. No, sir, I haven't ever got anything. I wrote the insurance company, I couldn't get a reply.

"The Court: I see. Well, how did you get hurt? A. Well, I was shoveling ground, building bridges, anything that come up—I was shoveling gravel right then—

"The Court: What happened when you were shoveling gravel? A. Strained my back, right back in there (indicating)."

Following this it is shown that he reported the accident and was sent by his employer to Dr. Crotty. Gus Kite, a fellow employee, supported the testimony of claimant.

A report was filed by Dr. W. V. Crotty which is as follows:

"Mr. S. E. Bateman, Age 73, white, of Fort Towson, Okla., has been treated by me for injuries received on June 23, 1949.

"Mr. Bateman was first examined and treated at my office on June 24, 1949. History of accident as follows. Patient was working for Choctaw County with Road Construction. While shoveling gravel struck by severe low back pain and was so injured that he had to stop work.

"Physical Examination revealed an acute lumbar myositis, sub-luxation of right sacro-iliac articulation, ½" shortening of lower extremity. A moderate scoliosis of spinal column.

"Office treatments — medical and manipulative taping were given on 6/24, 25, 27, 28, 7/1, 2, 5, 18, 20, 22. Patient dismissed on 7/22/49.

"Present physical finding: Chronic lumbar myositis, moderate scolisis, lumbar strain. Chronic sub-laxation of right sacro-ilias articulation and shortening of right lower extremity. It is my opinion that this condition will remain in chronic form, and patient will be unable to carry on any type of heavy manual labor without a recurrent attacks of low back trouble."

The trial commissioner ordered a medical examination of claimant whereupon Dr. Pat Fite filed a written report stating that he examined claimant for an injury received June 23, 1949, and further stated that claimant, a man 63 years old, was in poor physical condition; that some of his disability was due to chronic conditions. The doctor also stated:

"The disability is more in the nature of an aggravation."

At the conclusion of the hearing the State Industrial Commission entered an award for three weeks temporary total disability and 25 per cent permanent partial disability. This proceeding is brought to review the award.

Petitioner presents two propositions. In the first proposition it is argued that the State Industrial Commission erred in finding from the evidence that the same constituted a basis upon

which an award can be made; and that the evidence clearly discloses there was no accidental injury. It is further argued that since there was no untoward incident and no unusual happening there can be no accidental injury within the meaning and definition of the Workmen's Compensation Law, 85 O.S. 1951 §1 et seq.

In Stasmas v. State Industrial Commission, 80 Okla. 221, 195 P. 762, and other subsequent cases, we approved the definition of the term "accident" as:

" 'Accident' in legal signification is difficult to define. It is not a technical legal term with a clearly defined meaning and is used in more senses than one. The word denotes an event which proceeds from an unknown cause or is the unusual effect of a known cause and therefore unexpected. Chance, casualty, an event happening without any human agency, or if happening through human agency, an event which under the circumstances is unusual or unexpected to the person to whom it happens. An event which under the circumstances is unusual and unexpected by the person to whom it happens."

In Andrews Mining & Milling Co. v. Atkinson, 192 Okla. 322, 135 P. 2d 960, we stated:

"We are committed to the rule that the term 'accidental injury' is not to be given a narrow or restricted meaning, but is to receive a broad and liberal construction, with a view of compensating injured employees where disabilities result from compensable personal injuries. Terminal Oil Mill Co. v. Younger, 188 Okla. 316, 108 P. 2d 542; National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497.

"An 'accident' is an event happening without any human agency, or if happening through human agency, an event which, under the circumstances, is unusual and not expected to the person to whom it happens. In the term 'accidental injuries', the substantive 'injuries' expresses the notion of a thing or event, that is, the wrong or damage done to the person, while 'accidental' qualifies and describes the noun by ascribing to 'injuries' a quality or condition of happening, or coming by chance or without design, taking place unexpectedly or unintentionally." (Citing cases.)

In Terminal Oil Mill Co. v. Younger, supra, it is stated:

"*This court on several different occasions has held that a disability resulting from strain is compensable, even though there were no surrounding circumstances to increase the injury.* This was the holding in the following cases; Junior & Sooner Oil & Gas Co. v. Pfalzgraf, 164 Okla. 59, 22 P. 2d 911; Beck Mining Co. v. State Industrial Commission, 88 Okla. 34, 211 P. 69, 28 A.L.R. 197; Evans-Wallower Lead Co. v. Dry, 178 Okla. 48, 61 P. 2d 561; Indian Territory Illuminating Oil Co. v. Pound, 156 Okla. 101, 9 P. 2d 417; Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. 2d 450; and Berger v. Reynolds, 139 Okla. 163, 282 P. 143." (Emphasis ours.)

In the Younger case, supra, we, in effect, applied the definition of "accident" as found in Stasmas v. State Industrial Commission, supra. and we there concluded that it was the application of the rule which was difficult and confusing. And, so it is, if the term "accidental injury" is not given a broad and liberal construction; however, "accidental injury" as the term is used under our Workmen's Compensation Law, must never be construed so as to invoke the doctrine of "assumed risk".

In answering an argument similar, if not identical, to petitioners' first proposition herein, the court, in the Younger case, stated:

"The petitioners contend that since there was no blow, no fall or slipping, and no unusual strain, and since respondent had done nothing different from what he ordinarily did in the performance of his duties, the so-called injury could not have arisen out of and in the course of his employment. Petitioners cite and rely upon the language in, and comment on the fact situations in the following cases of somewhat analogous nature; National Bis-

cuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497; Turner v. Ford, 183 Okla. 567, 83 P. 2d 844; Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751; and other cases, mostly from other states.

"We have analyzed these cases and find that they are distinguishable from the present case. In National Biscuit Co. v. Lout, supra, the employee was in the act of stooping to pick up a sack when he received his injury. In Oklahoma Leader Co. v. Wells, supra, the employee was stricken while leaning over to pick up a pair of pliers. In Turner v. Ford, supra, the employee was pushing a wheelbarrow up an incline when he became temporarily disabled. The reading of this latter case further discloses that there was no competent evidence showing that the alleged accidental injury caused the resulting disability. In each of these cases it was held that the injury of the employee did not arise out of and in the course of his employment. We find it unnecessary to discuss the correctness of the holdings in these cases due to the fact that in the case at bar the respondent was injured while in the process of lifting the loaded scoop shovel. This injury was no doubt the result of a strain."

In Clarksburg Paper Co. v. Roper, 196 Okla. 504, 166 P. 2d 425, the court stated:

"In Terminal Oil Co. v. Younger, 188 Okla. 316, 108 P. 2d 542, Younger, while shoveling cottonseed with a scoop shovel in the Terminal Company's gin was seized with a sudden sharp pain in his back. He was performing his usual and customary work, the loaded shovel which he was using weighing from 25 to 35 pounds. It was there contended that there was no unusual strain and that Younger had done nothing different from what he ordinarily did in the performance of his duties. In that case an award by the Commission, holding that he had received an accidental injury was sustained.

A number of cases are cited from other states analyzing fact situations and defining accidental injuries.

In Gulf Oil Co. v. Rouse, 202 Okla. 395, 214 P. 2d 251, it is stated:

"In the reply brief petitioner argues that the claimant has failed to note the cases from foreign jurisdictions brought to the attention of this court. We have carefully examined these cases and find that if they fail to conform to the above rule announced by this court they are contrary to the rule in this state defining an accidental injury. In this connection we have taken note of the rulings made in Frank v. Chicago, M. & St. P. R. Co., 49 S. D. 312, 207 N. W. 89; * * * In at least one of these cases the rule was announced in sustaining an award which had been set aside by an intermediate tribunal. In Martin v. State Compensation Commission, supra, the Supreme Court of West Virginia in affirming an order denying an award quite frankly stated that it might have reached a different conclusion but felt itself bound by the holding of the Industrial Board."

In Knotts Bakery v. Freudenthaler, 188 Okla. 321, 108 P. 2d 540, claimant was injured while lifting a bucket.

In Evans-Wallower Lead Co. v. Dry, supra, this court sustained an award wherein the employee testified that he lifted a lever in adjusting a pulley belt and sprained his back. Other awards sustained are: Indian Territory Illuminating Oil Co. v. Pound, supra, where the employee was rolling or lifting casing and sprained his back; Junior & Sooner Oil & Gas Co. v. Pfalzgraf, supra, where the employee sprained his right shoulder while pulling a burning car from in front of a gas meter; Eagle-Picher Mining & Smelting Co. v. Linthicum, supra, where the employee sprained his back while lifting a loaded ore can in a mine; and Berger v. Reynolds, supra, wherein the employee was setting a telegraph pole and in raising the pole wrenched his back.

The language used in all of these cases indicates that it is the strain which constitutes the accidental injury. If there is any unusual incident or condition it is mentioned as evidence to support the finding as to the strain.

In Hart Const. Co. v. Weaver, 201 Okla. 424, 206 P. 2d 724, this court again

recognized and applied the doctrine announced in the foregoing cases.

The State Industrial Commission did not err in holding that claimant sustained an accidental injury.

The second contention is that the evidence wholly fails to sustain the finding that claimant has any disability resulting from an accidental injury. The disability for which claimant was seeking compensation was of such character to require determination of its nature, cause and extent to be made by skilled and professional persons and of necessity had to be proved by the testimony of such persons. Nu-Way Laundry & Cleaners v. State Industrial Commission, 194 Okla. 101, 147 P. 2d 795; Andrews Mining & Milling Co. v. Atkinson, supra; Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. 2d 907; J. J. Harrison Construction Co. v. Mitchell, 170 Okla. 364, 40 P. 2d 643; Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P. 2d 1019; Atlantic Refining Co. v. Allen, 185 Okla. 194, 90 P. 2d 659.

We have heretofore shown that the evidence of medical men was presented. Said evidence was competent and sufficient to sustain the finding of causal connection between the accidental injury and the disability sustained by claimant. The two medical reports reasonably informed the Commission that in the opinion of the two experts filing the reports the disability was due to the strain caused by the accidental injury of June 23, 1949.

As stated in Skelly Oil Co. v. Collins, 181 Okla. 428, 74 P. 2d 619, while the testimony could have been more direct, it did not necessarily have to be so given. Where the evidence is sufficiently plain and explicit so as to justify the conclusion reached therefrom, a finding based thereon will not be disturbed by this court. City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094.

The petitioners did not offer any medical evidence to contradict the physicians who filed reports for claimant. There is no other expert evidence in the record suggesting any other accident that claimant sustained. In such case based upon the testimony the State Industrial Commission may find that the disability is a result of an accidental injury. Swift & Co. v. Brown, 202 Okla. 572, 216 P. 2d 294.

We have noticed the cases from other jurisdictions treating of the evidence required to sustain a finding as to the disability. Among them are: Woods v. W. E. Joyce Co., 239 N.Y.S. 110, in which the loss of an eye was attempted to be declared a result of a fall; and Falco's Case, 260 Mass. 74, 156 N. E. 691, in which it was sought to attribute cancer to copper poisoning and the medical evidence was declared uncertain and insufficient. The fact that a back strain frequently results from shoveling, lifting and pulling is not open to dispute and we think the cases offered by petitioner are not in point. Where no other cause of disability is shown it has been held the evidence of the accident and resulting disability thereafter, supported by any competent medical testimony, is sufficient. Swift & Co. v. Brown, supra. In Federal Mining & Smelting Co. v. Montgomery, 148 Okla. 145, 297 P. 240, the evidence to sustain a finding that hernia resulted from strain was in question. Therein the court stated:

"It is our view that the testimony of the injured workman sufficiently established the cause of the hernia."

See, also, in this connection, Nu-Way Laundry & Cleaners v. State Industrial Commission, supra; Eagle-Picher Mining & Smelting Co. v. Linthicum, supra, and Phillips Petroleum Co. v. Anguish, 201 Okla. 691, 209 P. 2d 689.

We are of the opinion and hold that the evidence was sufficient to support the finding that the disability was the result of the accidental injury of June 23, 1949.

Award sustained.

WELCH, CORN, DAVISON, and O'-NEAL, JJ., concur. HALLEY, V.C.J., dissents.