FRANK AND SHARP, Painting Contractors, a Partnership, and Western Casualty and Surety Company, a corporation, Petitioners,

v.

T. H. WHITING and the State Industrial Commission, Respondents.

No. 36557.

Supreme Court of Oklahoma.

Nov. 16, 1954.

Rhodes, Crowe, Hieronymus & Holloway, Tulsa, for petitioners.

Wilbert G. Smith, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On the 23rd day of April, 1954, Thomas H. Whiting filed his first notice of injury and claim for compensation stating that while employed as a painter's helper by Frank and Sharp, Painting Contractors, he sustained an accidental injury arising out of and in the course of his employment on March 10, 1954, when he strained his right arm.

The State Industrial Commission entered an award dated May 27, 1954, the pertinent portions of which are as follows:

"That on or about March 10, 1954, claimant was in the employ of respondent in a hazardous occupation covered by the Workmen's Compensation Act; that on said date he suffered an accidental personal injury to his right arm arising out of and in the course of his said employment.

"That although the claimant did not file formal written notice of said injury within the thirty-day period provided by statute, respondent had actual knowledge of said injury and was not prejudiced by lack of written notice within thirty days.

"That the claimant's average wage was sufficient to fix his compensation rate at $28.00 per week.

"That as a result of his accidental injury of March 10, 1954, claimant has been temporarily totally disabled from the performance of manual labor since March 24, 1954, and is still temporarily totally disabled and in need of medical treatment; that he is entitled to recover from respondent and insurance carrier at this time temporary total disability compensation from March 24, 1954, less the five-day waiting period, to date, in the sum of $238.00 (being 8 weeks and 3 days at $28.00 per week), and to continue payments of $28.00 per week until his temporary total disability shall have ended or until further order of this Commission, not to exceed 300 weeks in all."

This proceeding is brought by the employer and its insurance carrier, Western Casualty and Surety Company to review the award.

It is first argued that there is no competent evidence to sustain the finding that claimant suffered an accidental injury. Claimant testified in the proceeding before the trial commissioner on May 27, 1954. He stated that on the date of the injury he had been carrying heavy buckets of sand and felt pain in his right arm. Shortly thereafter he discovered he had no grasp in his hand. Soon after the accidental injury his arm was placed in a sling; On the date of the hearing his arm was in a cast, placed there by one of the physicians who treated him.

Two physicians filed reports for claimant. Both stated that in their opinion the disability is due to strain from lifting the buckets of sand. We are of the opinion and hold that there is competent evidence to support the finding that claimant sustained an accidental injury arising out of and in the course of his employment under the following cases: Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Knotts Bakery v. Freudenthaler, 188 Okl. 321, 108 P.2d 540; Hart Const. Co. v. Weaver, 201 Okl. 424, 206 P.2d 724; Liberty Glass Co.

v. Harlin, Okl., 265 P.2d 1096; Lone Star Steel Co. v. State Industrial Commission, Okl., 271 P.2d 327. Several of these cases distinguish Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751; National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; and a case relied upon in the brief of petitioners, Phillips Petroleum Co. v. Eaves, 200 Okl. 21, 190 P.2d 462. See Hart Const. Co. v. Weaver and Liberty Glass Co. v. Harlin, supra. In Liberty Glass Co. v. Harlin, supra [265 P.2d 1097], it is stated:

"* * * In each of these cases cited the court pointed out that there was no evidence of a strain that caused the disability. * * *"

In Choctaw County v. Bateman, supra [208 Okl. 16, 252 P.2d 468], it is stated:

"The langauge used in all of these cases indicates that it is the strain which constitutes the accidental injury. If there is any unusual incident or condition it is mentioned as evidence to support the finding as to the strain."

▆▆▆ It is next argued that the evidence is insufficient to support the finding that claimant has a temporary total disability due to the accidental injury. It is true that the two reports filed by physicians for claimant do not definitely state that claimant is temporarily totally disabled. But they explain the examination and treatment given and state why claimant's arm was placed in the sling and Dr. M states that claimant has great pain and will not be able to work and that his arm will have to be immobilized. This was done apparently after the report was filed by placing the arm in a cast. Claimant testified that he was unable to perform any manual labor.

We have held that a physician does have to state the cause of a disability, but if it can be reasonably found by the State Industrial Commission that this is the intent of the medical evidence then an award based on such finding will be sustained. We hold this principle applicable in construing the testimony as to the disability in the case under consideration. Under the rule announced in City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094; Skelly Oil Co.

v. Collins, 181 Okl. 428, 74 P.2d 619; Magnolia Petroleum Co. v. Clow, 163 Okl. 302, 22 P.2d 378; Burch v. Slick, 167 Okl. 639, 31 P.2d 110, the evidence is sufficient to support the finding of temporary total disability.

▆▆▆ Petitioners also argue that there is no evidence reasonably tending to support the excusing of the giving of statutory written notice. The claim was filed thirteen days after the thirty day period for giving the statutory written notice. Prior to this claimant had visited three doctors, one of whom was visited at the suggestion of the employer. Petitioners rely on Skelly Oil Co. v. Johnson, 157 Okl. 278, 12 P.2d 177, and cases following it. The rule announced in these cases is discussed in Fischer-Kimsey Co. v. King, 196 Okl. 92, 162 P.2d 519, 521. Therein we stated:

"We therefore hold that when the State Industrial Commission has made the finding excusing the giving of the statutory written notice on the ground that the employer or the insurance carrier, as the case may be, has not been prejudiced by failure to give the statutory written notice and there is competent evidence reasonably tending to sustain the finding an award based thereon will not be disturbed simply because the trial commissioner, or the State Industrial Commission on appeal, as the case may be, has made a finding that the employer, or the insurance carrier, had had 'actual notice' of the injury."

The State Industrial Commission did not err in excusing the giving of the statutory written notice.

▆▆▆ The statement is made that the order on medical bills should not stand because there was no request by claimant for medical attention. We hold that the medical bills were properly allowed under the rule announced in Oklahoma Utilities Co. v. Johnson, 179 Okl. 456, 66 P.2d 10; W. T. Robinson Trucking Co. v. Womack, Okl., 266 P.2d 971. In the syllabus of the first of these cases it is stated:

"Under section 13354, O.S.1931, 85 Okl.St.Ann. § 14, if the employer fails

or neglects to provide promptly for an injured employee medical, surgical, or other attendance or treatment, nurse and hospital service within a reasonable time after knowledge of the injury, the injured employee during the period of such neglect or failure may do so at the expense of the employer."

The award is sustained.

WELCH, CORN, DAVISON, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.

HALLEY, C. J., and JOHNSON, V. C. J., dissent.