RUSH IMPLEMENT CO. and Federated Mutual Implement and Hardware Insurance Company, Petitioners,

v.

Howard Hurman VAUGHN, Claimant, A. D. Mason, his attorney and the State Industrial Court, Respondents.

No. 40083.

Supreme Court of Oklahoma.

Oct. 1, 1963.

Rehearing Denied Oct. 29, 1963.

John F. Eberle, Oklahoma City, for petitioners.

James Wm. Brown, A. D. Mason, by A. D. Mason, Tulsa, Charles R. Nesbitt, Atty. Gen., for respondents.

WILLIAMS, Justice.

On October 19, 1961, Howard Hurman Vaughn, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury while employed by Rush Implement Company, hereinafter called petitioner.

Following a hearing conducted to determine the cause and extent of disability and need for medical treatment, the trial judge entered an order on January 8, 1962, awarding claimant further medical treatment and compensation for temporary total disability not to exceed 300 weeks; holding that claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with petitioner, on August 29, 1961, consisting of injury to his back and to his left leg; that the petitioner had actual knowledge of the injury and claimant's failure to give formal notice was

not prejudicial to petitioner and should be excused. Petitioner thereupon appealed to the court en banc and on April 4, 1962, the court en banc adopted and approved the order of the trial judge. This proceeding is brought to review this award, it being contended by the petitioner, first, that there is no competent evidence of an accidental injury arising out of the employment; second, that the medical testimony is insufficient to show a compensable disability; and third, that no written or actual notice was given or received by the employer, or insurance carrier, to apprise them that claimant received or claimed an injury as a result of an accidental injury arising out of and in the course of his employment.

■ We here note that the questions raised by petitioner are issues of fact, and the trial tribunal's finding thereon is, by force of statute, binding and conclusive upon us if supported by competent evidence. Cherry v. Eagle-Picher et al., Okl., 368 P. 2d 833; and cases therein cited.

It is first argued that there is no competent evidence to support the finding that claimant sustained an accidental personal injury arising out of the employment on August 29, 1961, and in support of this contention cite and rely upon Oklahoma Leader Co. et al. v. Wells et al., 147 Okl. 294, 296 P. 751; National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; Turner v. Ford, 183 Okl. 567, 83 P.2d 844; Phillips Petroleum Co. v. Eaves, 200 Okl. 21, 190 P.2d 462; and Skaggs v. Bennett Van & Storage, Inc. et al., 204 Okl. 32, 226 P.2d 419. In these cases there was no evidence of a strain that caused the disability. In the present case claimant testified that on August 29, 1961, when lifting on the tongue of a heavy spray unit (having a tongue weight of 150 to 200 pounds) his left knee popped, "gave way on me, and my back. And I just set it" (the tongue of the spray unit) "back down". That he notified one of the owners of petitioner either the next morning, or some time around that date; that he continued in his employment until September 14, 1961, at which time he went to Dr. P., a doctor of his choice, who performed surgery upon his knee; that he had continued to suffer pain in his leg, and his back hurt and ached all the time; that he had not been able to work (except for one day) since September 14, 1961.

The record contains the testimony and reports of Dr. L. and Dr. P. The evidence therein is to the effect that claimant had a back and left knee condition, the inference from the history claimant gave the doctors being that these conditions arose by reason of the accidental injury and that by reason thereof he was temporarily totally disabled.

■ An accidental injury is one where the injury results through some accidental means, was unexpected and undesigned, or may be the result of mere mischance or of miscalculation as to the effect of voluntary action. Phillips Pipe Line Company v. Brown, Okl., 301 P.2d 689.

■ We have many times held that disability or death resulting from strain or physical exertion is compensable, even though there were no surrounding circumstances to increase the injury. It is the strain or exertion which constitutes the accidental injury; if there are any unusual incidents or conditions they are merely evidence to support the finding as to the strain or exertion; and if the strain or exertion, and resulting disability or death, come from a physical effort in doing the work, it constitutes an accidental injury arising out of and in the course of the employment. Without attempting to cite all the decisions so holding, we refer to Safeway Stores, Inc. v. Evans, Okl., 376 P.2d 336; Brentwood Egg Co. v. Coleman, Okl., 298 P.2d 437; Calhoun Const. Co. v. Sexton, Okl., 288 P.2d 705; Acme Material Co. v. Wheeler, Okl., 278 P.2d 234. The line of cases cited by petitioner has been analyzed and distinguished in several of the above decisions, and further analysis here would serve no useful purpose. See Safeway Stores, Inc. v. Simons, Okl., 331 P.2d 934; Knotts Bakery v. Freudenthaler, 188 Okl. 321, 108 P. 2d 540.

■ Although there are certain inconsistencies between the Form 3 filed by claimant, the history related in Dr. P's. report, and the testimony of claimant at the hearing, we do not consider that such destroys the credibility accorded claimant's testimony by the trial tribunal, especially since it is not our province to either weigh the evidence or pass on the credibility of witnesses.

In the case of Morris Tank Co. v. Martin, Okl., 349 P.2d 15, we held that the statement of the claimant at the hearing before the State Industrial Court that he was lifting pipe when pain struck him and his statement at a second hearing that pain struck him when he was standing in sort of a gully, and his foot slipped and he dropped the pipe that he had raised were not so inconsistent and inherently improbable as to be wholly without probative value.

"The State Industrial Court has the power to weigh the evidence and pass upon the credibility of witnesses appearing before it. Much like a jury it may draw reasonable inference from facts and circumstances adduced." Hackley v. Dalles Nursing Home, Okl., 372 P. 2d 586, 587.

■ We are, therefore, of the opinion there is competent evidence reasonably tending to support the finding that claimant sustained an accidental injury arising out of and in the course of his employment. It is neither the duty nor the province of this Court to interfere with such factual determination of the trial tribunal when founded, as here, upon competent evidence. 85 O.S.1961 § 26; Ward v. Whitehill Oil Co. et al., 203 Okl. 277, 220 P.2d 254; Greer v. Sinclair Pipe Line Co., Okl., 356 P.2d 356.

In the second proposition presented on review petitioner contends that the medical testimony herein is insufficient to show a compensable disability. We cannot agree.

■ Dr. P's. report shows a definite disability to the knee. Dr. P. stated that claimant's (knee) symptoms from which he was suffering were due entirely to the injury of August 29, 1961. Dr. L's. report taken in context was of effect that, in his opinion, claimant was temporarily totally disabled from injury to his knee and back, resulting from such accident of August 29, 1961. While it is true that a physician must state the cause of a disability, his opinion needs not be expressed with legalistic precision. It is sufficient where the cause, presence and extent of disability can be found from a consistent context.

In the case of Fullhart Maytag Co. v. Stapleton, Okl., 356 P.2d 350, 355, we said:

"We have repeatedly held that a physician does not have to give testimony categorically, but that the general tenor and intent of such testimony is the controlling consideration. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, 1095; Frank and Sharp v. Whiting, Okl., 276 P.2d 759; Skelly Oil Co. v. Collins, 181 Okl. 428, 74 P.2d 619."

We are of the opinion the testimony of the claimant, though it is weak insofar as it concerns the injury to the back, together with doctors' reports, meets this test. Especially is this true since there is no evidence of any other incident which might have caused the injury and since the petitioner offered no medical evidence as to claimant's back condition.

In the case of Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465, 469, we said:

"The petitioners did not offer any medical evidence to contradict the physicians who filed reports for claimant. There is no other expert evidence in the record suggesting any other accident that claimant sustained. In such case based upon the testimony the State Industrial Commission may find that the disability is a result of an accidental injury. Swift & Co. v. Brown, 202 Okl. 572, 216 P.2d 294."

Finally it is argued by petitioner that no written or actual notice was given or received by the petitioner as required by 85 O.S. 1961 § 24, contending that the case should

be vacated on the ground that the finding of the trial tribunal as to actual knowledge and that petitioner suffered no prejudice by reason of the failure of claimant to give them written notice is not supported by the evidence.

The record is clear that no written notice was given; however, we have many times held that the finding of the State Industrial Court, supported by the evidence, that the employer within the 30 day period provided by statute had actual knowledge of an injury sustained by an employee is sufficient to justify the further finding of "no prejudice" in the absence of a showing by the employer or the insurance carrier to the contrary. United Supply Co. v. Lewellen et al., Okl., 276 P.2d 764; Jones v. Oliver, 204 Okl. 164, 228 P.2d 173; Shell Oil Co. v. Thomas, 202 Okl. 190, 211 P.2d 263. In the instant case the evidence as to oral notice is in conflict, the claimant's testimony being that he told one of the owners of petitioner about the injury either the next morning or around that date. This was denied by the owner referred to by claimant but said witness went on to testify that he knew that claimant was having trouble with his knee as early as September 6, 1961, and on September 27, 1961, he and a representative of the group medical and life insurance company which carried such insurance for the petitioner had called claimant on the telephone with respect to the injury.

It matters not that petitioner may be unaware that claimant would assert his injury as compensable under the Act. In Black, Sivalls & Bryson, Inc. v. Coley, Okl., 367 P.2d 1017, 1020, we said:

"Employer's chief argument, as we view it, is not based on its asserted lack of knowledge that claimant had suffered a heart attack, but on its unawareness that claimant would assert his injury as compensable under the Act. The law does not impose a duty upon the workman to declare within thirty days after the injury his intention to proceed with a claim for compensation. Rather, the function of notice is to enable the employer to timely initiate his own investigation as to the possible compensability of the reported injury and the necessity for prompt medical treatment. Jones v. Oliver, 204 Okl. 164, 228 P.2d 173; Gulf Oil Corporation v. Kincannon, 203 Okl. 95, 218 P.2d 625."

There is ample evidence in the record to show that employer had actual and timely knowledge of the injury and was afforded an opportunity to make an immediate investigation of the accident with the view of determining all the necessary facts. There was no error in the finding that petitioner was not prejudiced by want of written notice of the accidental injury.

Finding no error, the award is sustained.